**Tommy Gene SCOTT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43304.**

Court of Criminal Appeals of Texas.

Jan. 13, 1971.

V.A.C.C.P.) are not the same thing but distinct and independent. The sentence must be based upon the judgment. Without a judgment the sentence is unauthorized. See 5 Tex.Jur.2d, Appeal and Error —Criminal, Sec. 110, p. 171.

The appeal is dismissed. Kazmir v. State, supra.

O. F. Jones, Victoria (Court Appointed), for appellant.

William C. Sparks, Dist. Atty., and D. F. Martinax, Asst. Dist. Atty., Victoria, Jim D. Vollers, State's Atty., Austin, for the State.

Robert Wayne **CARTER** alias Robert Wayne Tuck, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43286.

Court of Criminal Appeals of Texas.

Dec. 9, 1970.

Rehearing Denied Jan. 27, 1971.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order of the 24th District Court revoking probation.

The record reflects that following revocation of probation sentence was imposed and notice of appeal given. A search of such record as well as the supplemental transcript fails to reveal a judgment of the original conviction as required by Article 40.09, Sec. 1, Vernon's Ann.C.C.P.; Kazmir v. State, Tex.Cr.App., 438 S.W.2d 911; Elliott v. State, Tex.Cr.App., 412 S.W.2d 320.

A "judgment" (Article 42.01, V.A.C.C.P.) and a "sentence" (Article 42.02,