Cleophas CONAWAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 53035.

Court of Criminal Appeals of Texas.

April 13, 1977.

---

Stuart Kinard, Houston, for appellant.

Jerry A. Sandel, Dist. Atty., Huntsville, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of murder with malice. See Arts. 1256, 1257(b), V.A.P.C. Punishment was assessed by the court at seven years.

The record reflects that the verdict of guilty was returned by the jury on October 4, 1974. A request having been duly made by appellant that punishment be assessed by the court, a hearing on punishment was postponed pending a pre-sentencing investigation. Thereafter, the pre-sentencing report having been received by the court,[1] the punishment hearing was conducted on September 15, 1975. After evidence was introduced and counsel for the State and for appellant had addressed the court, the following proceedings are reflected:

"BY THE COURT:

"Okay, Cleophas Conaway, your having previously been found guilty of the offense of Murder with Malice by a jury—

"BY THE DEFENDANT:

"—Yes, sir.

"BY THE COURT:

"—And after hearing the testimony, I am trying to take into consideration your medical history, and your physical condition, and—but it's also my duty to take into consideration your—the crime that was committed by you, and it is the sentence of this Court that you be taken by the Sheriff of Walker County, Texas, to someone authorized to receive you at the Texas Department of Corrections, and there you are to serve not less than five nor more than seven

years. Do you want to give Notice of Appeal?

"BY MR. MALONE:

"To which we give Notice of Appeal.

"BY THE COURT:

"Okay, that's all.

"BY THE COURT:

"Excuse me, Mr. Conaway, would you come back just a minute, that's under the old law—

"BY MR. SANDEL:

"It was September the second, 1973, Judge.

"BY THE COURT:

"Your sentence is amended to read not less than two nor more than seven years rather than five to seven."

■■ The term "conviction" as used in Art. 40.05, V.A.C.C.P., relating to motions for new trials and Art. 41.01, V.A.C.C.P., relating to motions in arrest of judgment includes both an adjudication of guilt plus an assessment of punishment. *Woods v. State,* Tex.Cr.App., 532 S.W.2d 608; *Faurie v. State,* Tex.Cr.App., 528 S.W.2d 263. The judgment following a finding of guilt must contain, among the other elements mentioned in Art. 42.01, V.A.C.C.P., "10. That the defendant be punished as has been determined." The sentence must be based on a valid judgment, for without a valid judgment the court is not authorized to sentence the defendant. *Morgan v. State,* Tex.Cr.App., 515 S.W.2d 278; *Scott v. State,* Tex. Cr.App., 461 S.W.2d 619.

■ Although the "declaration of the court entered of record" (See Art. 42.01, V.A.C.C.P.) purporting to be the judgment in the case and bearing date of October 4, 1974, reflects the punishment as having been assessed at seven years, the proceedings had at the punishment hearing on September 15, 1975, establish that no punishment was "determined" prior to the court's pronouncement of sentence on that date.

1. See the opinion of Justice Stevens in *Gardner v. Florida,* U.S.Sup.Ct., March 23, 1977 (See The Criminal Law Reporter, Vol. 20, page 24), in which a plurality of Justices Stevens, Stewart and Powell conclude that due process is denied the defendant where information contained in a pre-sentence report, supplied by witnesses whom the defendant could not confront or cross-examine, is withheld and denied the defendant.

As shown in the above quotation from those proceedings, the record affirmatively establishes that no punishment had been assessed, and no valid judgment entered, prior to the oral sentencing of appellant on September 15, 1975. Instead of making the pronouncement of the punishment of the appellant whose guilt had been adjudged by the jury and then proceeding as provided in Art. 42.03, Sec. 1,[2] V.A.C.C.P., the court, at the close of argument of counsel, without having announced any determination of punishment, immediately sentenced appellant to serve "not less than five [3] nor more than seven years" and asked whether he wished to give notice of appeal. As stated in *Scott v. State,* supra, "A 'judgment' (Article 42.01, V.A.C:C.P.) and a 'sentence' (Article 42.02, V.A.C.C.P.) are not the same thing but distinct and independent." Punishment of appellant, a necessary element of the judgment, was first determined and announced during the sentencing of appellant, and no valid judgment was ever announced.

 Furthermore, even if a valid judgment had been properly rendered, the record fails to reflect that appellant waived time in which to file a motion for new trial or in arrest of judgment. See Art. 42.03, Sec. 1, V.A.C.C.P.; *Woods v. State,* supra; *Faurie v. State,* supra. In fact, the record affirmatively reflects no waiver, as shown in the quotation from the sentencing proceedings. The written sentence which appears in the transcript is dated September 15, 1975, the date of the punishment hearing. It is silent on the matter of waiver of the ten day waiting time for filing a motion for new trial (Art. 40.05, V.A.C.C.P.) or in arrest of judgment (Art. 41.01, V.A.C.C.P.). A sentence imposed on the same day that punishment is assessed without a waiver of the ten day waiting period provided in Art. 42.03, V.A.C.C.P., being affirmatively

shown is premature and invalid, and fails to give this Court jurisdiction to entertain the appeal. *Woods v. State,* supra; *Faurie v. State,* supra.

The appeal is dismissed. Upon receipt of the mandate from this Court, the trial court is directed to conduct a hearing with appellant and counsel present, and to assess punishment and render judgment, and next proceed in compliance with the provisions of Arts. 42.03 and 40.09, V.A.C.C.P., and as stated in the concluding paragraphs in *Woods v. State,* supra.

Opinion approved by the Court.

---

2. Section 1. "If a new trial is not granted, nor judgment arrested in felony and misdemeanor cases, the sentence shall be pronounced in the presence of the defendant except when his presence is not required by Article 42.02 at any time after the expiration of the time allowed for making the motion for a new trial or the motion in arrest of judgment."

The exception in Article 42.02 applies only in misdemeanor cases where the maximum possible punishment is by fine only.

3. The minimum was later reduced to two years.