Jessie BEAN, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 55629.

Court of Criminal Appeals of Texas,
Panel No. 2.

April 5, 1978.

Frank M. Sheppard, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge, and Keno M. Henderson, Jr., Asst. Dist. Attys., Houston, for the State.

Before ONION, P. J., and ODOM and DOUGLAS, JJ.

OPINION

ODOM, Judge.

On September 14, 1977, we dismissed the appeal in the instant cause in an unpublished per curiam opinion. Our mandate issued on September 30, 1977, and was filed with the clerk of the trial court on October 4, 1977. On March 13, 1978, we received a supplemental transcript from the clerk of the trial court. We reinstate the cause on the docket for the purpose of deciding whether the supplemental transcript shows compliance with our September 14, 1977, opinion and whether the appeal may be reinstated for decision on the merits.

A review of the supplemental transcript shows that our opinion of September 14, 1977, was misunderstood and not complied with. Therefore, we find it again necessary to dismiss the appeal.

On February 17, 1976, appellant appeared in the 177th Judicial District Court before the Hon. Stanley Kirk, a visiting judge. On that occasion appellant waived trial by jury and entered a plea of guilty before the court to the offense of aggravated robbery. Judge Kirk found appellant guilty and reset the case for April 23, 1976, in order to obtain a presentence investigation. On April 23, appellant again appeared in the 177th Judicial District Court before the Hon. Hoyet Armstrong, another visiting judge. On that occasion the record reflects that, without assessing a definite punishment, the trial judge inquired if appellant had "any reason to offer as to why the sentence should not be pronounced at this time?" After appellant's counsel made a statement to the court, the trial judge announced:

"It is ordered, decreed and adjudged you be taken by the sheriff and turned over to the authoritative agency of the Texas Department of Corrections, to which place you will be transported and therein

confined for not less than two nor more than five years, . . ."[1]

See *Ex parte Church*, 163 Tex.Cr.R. 357, 292 S.W.2d 120 (1956). In view of these proceedings, which were reflected by the original record before this Court, we dismissed the appeal in our September 14, 1977, opinion, concluding:

"Our reading of the record convinces us that the trial court 'sentenced' appellant without ever having assessed a punishment. We recently discussed this problem in *Conaway v. State*, 549 S.W.2d 181 (Tex.Cr.App.1977). It would unduly elongate this opinion to repeat that discussion here. It is sufficient to say, however, that our decision in *Conaway* mandates dismissal of this appeal.

"Upon receipt of the mandate from this Court, the trial court is directed to conduct a hearing with appellant and counsel present, and to assess punishment and render judgment, and next proceed in compliance with the provisions of Article(s) 42.03 and 40.09, Vernon's Ann. C.C.P., as stated in the concluding paragraph in *Wood(s) v. State*, 532 S.W.2d 608 (Tex.Cr.App.1976)."

■ The supplemental transcript reflects that, on September 22, 1977, and prior to the issuance of our mandate on September 30, 1977, another hearing was held in the 177th Judicial District Court before the Hon. E. E. Jordan, a third visiting judge. Although the trial court did not have jurisdiction, since the appeal was still pending before this Court, and our mandate had not issued, the trial judge called upon appellant to either be sentenced or accept the 10 days in which to file a motion for new trial or motion in arrest of judgment. Appellant elected to take the 10 days. However, the record does not reflect that any punishment was assessed on that date.

On October 3, 1977, appellant again appeared in the 177th Judicial District Court, this time before the Hon. Tillman Smith, another visiting judge. At that time, without any definite punishment having been assessed, appellant was sentenced to an indeterminate term of "not less than five nor more than five years(') confinement" in the Department of Corrections. Appellant gave notice of appeal, and a supplemental transcript was prepared and was forwarded to this Court.

■ Although the judgment of the trial court, which is dated February 17, 1976, states that "(o)n this the 23rd day of April, 1976, the Court assessed the punishment at confinement in the Texas Department of Corrections for 5 years," the transcription of the court reporter's notes does not show that a definite five-year punishment was ever assessed against this appellant. Instead, it shows that, without assessing a definite punishment, the trial court "sentenced" appellant. In *Conaway v. State*, supra, we stated:

"The term 'conviction' as used in Art. 40.05, V.A.C.C.P., relating to motions for new trial and Art. 41.01, V.A.C.C.P., relating to motions in arrest of judgment includes both an adjudication of guilt plus an assessment of punishment. *Woods v. State*, Tex.Cr.App., 532 S.W.2d 608; *Faurie v. State*, Tex.Cr.App., 528 S.W.2d 263. The judgment following a finding of guilt must contain, among the other elements mentioned in Art. 42.01, V.A.C.C.P., '10. That the defendant be punished as has been determined.' This sentence must be based on a valid judgment, for without a valid judgment the court is not authorized to sentence the defendant. *Morgan v. State*, Tex.Cr. App., 515 S.W.2d 278; *Scott v. State*, Tex.Cr.App., 461 S.W.2d 619.

". . . As stated in *Scott v. State*, supra, a 'judgment' (Art. 42.01, V.A.C. C.P.) and a 'sentence' (Art. 42.02, V.A.C. C.P.), are not the same thing but distinct and independent."

Consequently, without reaching the merits, we find it necessary to dismiss the ap-

---

1. It should be noted that the minimum punishment for aggravated robbery is five years. V.T.C.A., Penal Code, Secs. 29.03 and 12.32.

peal again and remand the cause to the trial court. Upon receipt of the mandate from this Court, the trial court is directed to set aside the judgment dated February 17, 1976, its sentence dated April 23, 1976, and its "RE/SENTENCE" dated October 3, 1977. The trial court is then directed to conduct a hearing with appellant and counsel present and to assess a definite punishment and render judgment pursuant to Art. 42.01, V.A.C.C.P. The trial judge should next allow appellant the time in which to file a motion for new trial or motion in arrest of judgment as stated in Art. 42.03, V.A.C.C.P. unless such time is waived. After the expiration of the time provided in Art. 42.03 or after appellant waives such time, the trial court should next proceed to pronounce sentence in accordance with Art. 42.02, V.A.C.C.P. If the appellant still desires to appeal, he may do so by giving notice of appeal within the time provided by Art. 44.08(c), V.A.C.C.P. If such is done, the appeal shall then proceed under the appropriate provisions of Art. 40.09, V.A.C.C.P. unless waived by the parties.

The appeal is again dismissed.

ONION, Presiding Judge, concurring.

I concur in the result reached. I would point out, however, that part of the difficulty involved in the instant case is the failure of the trial court to assess punishment at the time the guilty plea was entered before the court. The use of presentence investigation reports is to be commended. The only reference to such reports, however, to be found in the Code of Criminal Procedure is in Article 42.12, Section 4, V.A.C.C.P. The proper use of such reports is to enable the trial court to pass on the issue of probation, not to determine the punishment to be assessed. These reports frequently contain hearsay, information concerning inadmissible extraneous offenses, and other matters that would not be admissible at trial.

If punishment in a felony case is assessed at the time of the plea of guilty or nolo contendere and that punishment is less than ten years so that probation is a possibility

and a pre-sentence investigation is ordered, it will be clear later that the report obtained as a result of that investigation was used only to pass on the issue of probation. This avoids the problem inherent in the instant case of one judge serving by administrative assignment,[1] from hearing the evidence, and another judge, who may or may not have any evidence before him, assessing punishment at a later date.

Article 37.07, V.A.C.C.P., providing for bifurcated trials is, by its very terms, not applicable to guilty pleas in felony cases either before a judge or jury. *Basaldua v. State*, 481 S.W.2d 851, 853 (Tex.Cr.App. 1972), and cases there cited. See also *Johnson v. State*, 492 S.W.2d 505 (Tex.Cr.App. 1973); *Morales v. State*, 416 S.W.2d 403 (Tex.Cr.App.1967). While a judge without statutory authority may convert a guilty plea in a bench trial into bifurcated proceedings, particularly where there is no objection, many problems can arise from such action. Records coming before this Court, particularly from Harris County, have demonstrated a growing tendency to bifurcate these proceedings. In most of these cases the punishment is not assessed at the time of the guilty plea and the cases have been reset for the purpose of obtaining a pre-sentence investigation. At the second hearing, instead of the court passing on the issue of probation, the courts have been permitting the defense to reopen and present evidence as to the facts surrounding the offense as well as presenting reputation witnesses. The State often counters with other evidence concerning the offense. In many of the records the defendant or other defense witnesses at the second hearing raise by their testimony defenses of alibi, self-defense, etc., which in turn raises the question of whether the trial court should have sua sponte withdrawn the guilty plea under the rule that where the evidence makes evident the innocence of the defendant or which fairly and reasonably raises such issue, the court should withdraw the guilty plea on its own motion if the defendant does not do so himself or fails to withdraw such evidence raising such issue.

---

1. These judges are referred to in the majority opinion as "visiting judges."

Many of these problems can be avoided by hearing all the evidence, including reputation witnesses at one hearing upon a guilty plea before the court. If punishment is then assessed, the only issue left is the question of probation to be determined by the court following a review of a pre-sentence report. Thus, a second hearing on punishment is avoided and the valuable time of our trial courts with heavy trial dockets is saved.

If such procedure had been utilized in the instant case we would not be dismissing the appeal.

I concur.