Oscar Leonard GREEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 60785.

Court of Criminal Appeals of Texas, Panel No. 2.

June 10, 1981.

Donald W. Rogers, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and Larry Knapp, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and TOM G. DAVIS and CLINTON, JJ.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary of a habitation with intent to commit rape, wherein the punishment was assessed at ten (10) years' imprisonment following a guilty verdict.

The sufficiency of the evidence is not challenged. Suffice it to say that the evidence shows that on September 15, 1977 the appellant broke into the home of M——— L———, the prosecutrix, and her husband,

and raped her repeatedly, both vaginally and anally.

Initially appellant contends the court committed reversible error by allowing Dr. David Nickerson to testify to the contents of documents not in evidence over his objection the same would violate the best evidence rule.

Dr. Nickerson testified he conducted a physical examination of the prosecutrix on September 15, 1977 in the Ben Taub Hospital Emergency Room. Nickerson could not remember the prosecutrix's face or name, but did recall the incident in a general manner. Although stating he could not recall the physical examination specifically, he stated he could "remember by looking at what I have written down . . . ." The record reflects:

"MR. SMYRL (Defense Counsel): I would object. That is not the best evidence instrument he is referring to. It is not the best evidence.

"THE COURT: Overruled. May I have both of you at the bench?"

Thereafter the doctor testified as to the physical examination of the prosecutrix from the notes he made at the time.

■ The " 'Best Evidence Rule' today is confined in its application to the requirements that to prove the contents of a document, the original document must be produced." Ray, Texas Practice, Law of Evidence, Vol. 2, § 1561, p. 254. See also Henriksen v. State, 500 S.W.2d 491 (Tex.Cr.App.1973); Reyna v. State, 477 S.W.2d 564 (Tex.Cr.App.1972); Cage v. State, 167 Tex. Cr.R. 355, 320 S.W.2d 364 (Tex.Cr.App. 1958). Such rule was not here applicable where the witness merely used the report he had made to refresh his memory. The report was not introduced to prove its contents. The court did not err in permitting him to do so. If there was a question of the accuracy of the report, appellant was entitled to inspect the same for the purpose of cross-examination and possible impeachment under the "use before the jury" rule. This was not done. No error is here presented.

Appellant further contends the court's charge to the jury at the guilt stage of the trial was fundamentally-defective insofar as it included an element of burglary of a building when the appellant was charged with the offense of burglary of a habitation.

■ Appellant points out that in applying the law to the facts the court required the jury to find that the habitation in question at the time of the offense "was not then open to the public." He argues this does not comport with the allegations of the indictment. The appellant is correct. That part of the charge is surplusage, but it placed a greater burden of proof on the State and therefore was a benefit to the appellant. There was no objection to the charge. Appellant cannot now for the first time on appeal claim fundamental error when the charge was more favorable to him than required by law. Blount v. State, 542 S.W.2d 164 (Tex.Cr.App.1976), and Dowden v. State, 537 S.W.2d 5 (Tex.Cr.App.1976), are cited by appellant in support of his contention. These cases are distinguishable. In Blount the charge authorized a conviction upon a theory that was not alleged in the indictment and not supported by the evidence. See footnote #1 at p. 165. In the instant case the charge merely added to the State's burden of proof. In Dowden it was held that in charging on the law in the abstract the court's inclusion of statutes that were neither pled nor supported by proof at trial was at best useless and at worst confusing, misleading and prejudicial. This, too, is unlike the present case. Appellant's contention is overruled.

■ Appellant further contends the trial court committed reversible error by utilizing a pre-sentence investigation report to assess the punishment in violation of Article 42.12, § 4, V.A.C.C.P.

After the jury's verdict of guilt on May 5, 1978, the court was to assess punishment. The penalty hearing commenced on May 8, 1978. From the docket sheet it appears the appellant testified and was not interrogated

by the State. Both parties rested.[1] The court reset the case to await a pre-sentence investigative report. The appellant had filed a motion for probation prior to trial. On June 19, 1978, the trial judge stated the pre-sentence report had been received and inquired if each party had received a copy of the same and had thoroughly examined the same. He received an affirmative answer from appellant's counsel. The appellant made no objection to the report, and declined an offer to present additional evidence.

The court, without making an express ruling on the motion for probation,[2] assessed punishment at ten (10) years' imprisonment. The appellant waived the ten days to file a motion for new trial or in arrest of judgment and was sentenced. Notice of appeal was given.

Appellant relies upon *Bean v. State*, 563 S.W.2d 819 (Tex.Cr.App.1978), to support his contention. In *Bean* it was observed that the use of pre-sentence investigation reports is to be commended, but that the only reference to such reports is found in Article 42.12, § 4, V.A.C.C.P. The court then added, "The proper use of such reports is to enable the trial court to pass on the issue of probation, not to determine the punishment to be assessed." The court then noted the reasons therefor.

In the instant case there was a motion for probation, and the use of pre-sentence report to determine the issue of probation is proper. *Nunez v. State*, 565 S.W.2d 536 (Tex.Cr.App.1978); *Valdez v. State*, 491 S.W.2d 415 (Tex.Cr.App.1973); *McNeese v. State*, 468 S.W.2d 800 (Tex.Cr.App.1971).

Appellant relies in large measure upon the trial judge's opening statement on June 19, 1978 that the "court directed a pre-sentence investigation to be conducted in determining a proper punishment in the case."

1. The transcription of the court reporter's notes of such hearing is not in the record before us.

2. Appellant at no time requested a ruling on the motion for probation.

3. This writer maintains the strong belief that if trial courts would assess punishment at the

There was no objection at the time, and the pre-sentence report, made available to the appellant, was not made a part of the appellate record. Appellant makes no assertion that there were improper matters in the report which the court should not have considered.

In light of the pending motion for probation, the failure to object, and all the other facts and circumstances, appellant's contention is without merit.[3]

The judgment is affirmed.

penalty stage of the trial, and utilize the pre-sentence report only to determine the issue of probation these claims on appeal that the court considered otherwise inadmissible matters contained in the report in assessing punishment would be eliminated.