In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00076-CR


______________________________




NOAH DWYER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 85th Judicial District Court


Brazos County, Texas


Trial Court No. 28,004-85




 




Before Morriss, C.J., Ross and Grant,* JJ.


Memorandum Opinion by Chief Justice Morriss



___________________________________

*Ben Z. Grant, Justice, Retired, Sitting by Assignment


MEMORANDUM OPINION



 Noah Dwyer appeals his convictions for delivery of marihuana in a quantity greater than one-quarter ounce, but less than five pounds and delivery of lysergic acid diethylamide (LSD) in a
quantity of less than twenty abuse units, which were charged in a single indictment. See Tex.
Health & Safety Code Ann. §§ 481.120, 481.1121 (Vernon Supp. 2003). Dwyer pled guilty
without a plea agreement, and the trial court sentenced him to two two-year terms of confinement
in a state jail facility and ordered him to pay two $1,000.00 fines.

 In the same proceeding, Dwyer pled guilty to the charges in three other indictments: 
(1) possession of marihuana in a quantity greater than four ounces, but less than five pounds, for
which he was sentenced to two years' confinement in a state jail facility; (2) two counts of delivery
of cocaine in an amount greater than one gram, but less than four grams, for which he was sentenced
to two fifteen-year terms of imprisonment; and (3) one count of possession of cocaine in an amount
greater than four grams, but less than 200 grams with intent to deliver and one count of possession
of LSD in a quantity greater than eighty abuse units but less than 4,000 abuse units with intent to
deliver, for which he was sentenced to two fifteen-year terms of imprisonment. The trial court
ordered all sentences to run concurrently. Dwyer has also filed appeals from those convictions,
which we address in separate opinions.

 Dwyer contends the trial court abused its discretion in sentencing him to confinement rather
than placing him on community supervision. We review a sentence imposed by the trial court for
abuse of discretion. Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). As a general
rule, a penalty assessed within the proper punishment range will not be disturbed on appeal. Id.

 Dwyer was convicted of two state jail felonies. See Tex. Health & Safety Code
Ann. §§ 481.121(b)(3) (Vernon Supp. 2003), 481.1121(b)(1). The punishment range for the
offenses is not less than 180 days nor more than two years' confinement and a fine not to exceed
$10,000.00. Tex. Pen. Code Ann. § 12.35(a), (b) (Vernon 1994). Dwyer's punishment of two two-year terms of confinement and two $1,000.00 fines is within the statutory range.

 Further, the evidence at Dwyer's trial supports the trial court's decision. Officer Wayland
Rawls testified he first had contact with Dwyer through a confidential informant while working
undercover. Rawls testified Dwyer explained to him how to grow marihuana plants in his home and
discussed going to Dallas to purchase LSD. Rawls purchased twenty LSD abuse units and some
potted marihuana plants from Dwyer at that meeting. 

 Rawls testified that on another occasion he purchased one-eighth ounce of cocaine from
Dwyer. He testified Dwyer told him that he paid his bills by selling drugs, that he ensured repeat
business by selling undiluted cocaine, and that he went to Dallas several times a week to purchase
drugs. Rawls testified that, on the same occasion, he saw several bags of cocaine in Dwyer's
possession. 

 Rawls testified that on another occasion Dwyer agreed to purchase LSD in Dallas if Rawls
paid him in advance. On yet another occasion, a confidential informant purchased forty-seven abuse
units of LSD from Dwyer. 

 Rawls also testified he accompanied Dwyer to Dallas to purchase drugs. He testified Dwyer
sold him 420 abuse units of LSD, having previously agreed to sell him 500, but having held back
eighty units. Dwyer also purchased a pound of marihuana for himself. Rawls testified that on this
trip he saw Dwyer in possession of over four grams of cocaine in a cigarette box. 

 It was on the way back from Dallas that officers stopped the vehicle, arrested Dwyer, and
seized the LSD, cocaine, and marihuana. Deputy Eddie Ramirez, who transported Dwyer to jail,
testified he found several small bags containing a white, powdery substance, later identified as
cocaine, where Dwyer had been seated in his patrol car. Officer Robert Wilson testified he took a
statement from Dwyer in which he denied the marihuana and cocaine found in Ramirez' car were his,
but admitted he took eighty abuse units of LSD from Rawls, whom he still did not know was a police
officer.

 Betty Meier, a community supervision officer with the Brazos County Community
Supervision and Corrections Department, testified that she prepared a presentence investigation 
report on Dwyer. She testified Dwyer admitted selling cocaine, LSD, methamphetamine, and
marihuana since he was fourteen years old. She testified Dwyer told her he made between $200.00
and $3,000.00 per week selling drugs. She also testified Dwyer admitted he was in a gang from the
time he was thirteen years old until two years before his arrest. Meier further testified she did not
consider Dwyer a good candidate for admission to a drug rehabilitation program because he only
admitted smoking marihuana and infrequent cocaine use, and did not indicate any desire to change
his behavior. 

 Carolyn Brunson, Dwyer's girlfriend who pled guilty to a drug possession offense and agreed
to testify against him, testified Dwyer would go to Dallas once or twice each month to purchase
LSD. She testified she witnessed Dwyer sell LSD and marihuana to a minor. She also testified
Dwyer essentially lived off selling drugs and frequently smoked marihuana.

 Dwyer testified he had been selling drugs since he was fourteen years old. He would do so
to offset the cost of his own drug usage. He testified he did not make much money selling drugs
because he did not sell in large quantities. He testified this was the first time he had dealt in the
quantities of drugs for which he was charged in the present case. He testified he had been addicted
to marihuana, but was not addicted any longer. He testified he lied to Meier when he told her he did
not use LSD and when he did not disclose to her he had been selling drugs since he was fourteen. 
 Dwyer contends the trial court never considered his application for community supervision
and that he had no prior criminal convictions. But the trial court detailed specifically the factors it
considered in sentencing him. Those factors included the sentencing range for the offense,
protection of society, protection of any possible victims, deterrence, and rehabilitation. As factors
in mitigation, the trial court considered there were no allegations that Dwyer used violence or a
weapon in connection with the offenses and that Dwyer pled guilty. The trial court also expressed
concern about the amount of drugs involved and the length of time Dwyer had been selling drugs. 

 The trial court then made the following statement, "And then I make a decision whether or
not to do the probation." The trial court told Dwyer it was not going to place him on community
supervision because it could not trust his sincerity, in view of the fact he lied to police and
community supervision officers after his arrest. 

 While the trial court did not specifically mention the fact Dwyer had never been convicted
of a crime, it was certainly aware of this fact because Dwyer's attorney mentioned it in his opening
and closing arguments. Given the record before us, we conclude the trial court did not abuse its
discretion in assessing Dwyer's punishment.

 We affirm the trial court's judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 13, 2002

Date Decided: February 6, 2003


Do Not Publish



rful List Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00101-CV

                                                ______________________________

 

 

                                                                  

            IN
THE MATTER OF THE MARRIAGE OF JOHN STANSBURY 

                                    AND
CHERYL RENAE KEILMAN,

                                     A/K/A CHERYL STANSBURY

                                                                  

 

                                                                                                  


 

 

                                         On Appeal from the 5th Judicial District Court

                                                             Bowie County, Texas

                                                      Trial Court No. 10C0739-005

 

                                                                                                   

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Appellant,
John Stansbury, and Appellee, Cheryl Renae Keilman, a/k/a Cheryl Stansbury,
have filed with this Court a joint motion to dismiss the pending appeal in this
matter.  The parties represent to this
Court they have reached a full and final settlement.  In such a case, no real controversy exists,
and in the absence of a controversy, the appeal is moot.  

            We
grant the motion and dismiss the appeal.

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          December
21, 2011     

Date Decided:             December
22, 2011