MEMORANDUM OPINION

No. 04- 05-00553-CR

Jesus Efrain GARZA,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 379th Judicial District Court, Bexar County, Texas 

Trial Court No. 2004-CR-0907

Honorable Bert Richardson , Judge Presiding (1)


Opinion by: Sandee Bryan Marion , Justice

 

Sitting: Alma L. López, Chief Justice

 Sandee Bryan Marion , Justice

 Phylis J. Speedlin, Justice

 

Delivered and Filed: May 10, 2006


AFFIRMED

 Defendant Jesus Garza pled guilty to possession with intent to deliver a controlled substance (cocaine), in an amount
greater than four grams but less than two hundred grams, and to failure to render aid. Defendant was sentenced to
twenty-five years' confinement and a $1,000 fine for possession and five years' confinement for failure to render aid. 

 In his sole issue on appeal, defendant contends the trial court abused its discretion because it considered defendant's
sentence from a prior federal weapons possession conviction in sentencing him to twenty-five years' confinement in the
present case. We review a sentence imposed by the trial court for an abuse of discretion. Jackson v. State, 680 S.W.2d 809,
814 (Tex. Crim. App. 1984). We give a great deal of discretion to the trial court's determination of the appropriate sentence. 
Id.

 Punishment evidence includes "any matter the court deems relevant to sentencing, including but not limited to the prior
criminal record of the defendant." Tex. Crim. Proc. Code Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2004-2005). 
Defendant's conviction for possession of weapons is included in his prior criminal record. Further, a penalty assessed
within the proper punishment range will not be disturbed on appeal. Jackson, 680 S.W.2d at 814. Defendant was convicted
of possession with intent to deliver a substance listed in penalty group 1, a first degree felony with a punishment range of
five to ninety-nine years' confinement or life and a maximum fine of $10,000. Tex. Health & Safety Code Ann. § 481.102
(Vernon Supp. 2004-2005); Tex. Pen. Code Ann. § 12.32 (Vernon 2003). Defendant's twenty-five year sentence and $1,000
fine is within the range allowed by law. Therefore, the trial court did not abuse its discretion in sentencing defendant to
twenty-five years' confinement. 

CONCLUSION

 We overrule defendant's issue on appeal and affirm the trial court's judgment.



 Sandee Bryan Marion, Justice

DO NOT PUBLISH



 

1. The Honorable Pat Priest presided over the plea proceeding.