

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-250-CR

ROBBIE SANDERS                                                          APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Robbie Sanders of evading arrest or detention using a vehicle, and the trial court sentenced him to eight years' confinement. In a single point, Sanders argues that the trial court abused its discretion by sentencing him to eight years' confinement. We will affirm.

---

[1] *See* Tex. R. App. P. 47.4.

On March 22, 2005, officers with the Fort Worth Police Department observed Sanders bring his vehicle to a stop in front of a house known for selling drugs. A male exited the house, approached the passenger side of Sanders's vehicle, and conducted activity with Sanders's passenger consistent with what the officers considered to be a drug transaction. Officers blocked the street with their vehicles in an attempt to stop Sanders's vehicle. They wore black ID vests with lettering that spelled the words "POLICE" and "SWAT." The officers motioned at Sanders to stop as he approached, but Sanders fled, swerving out of the street and driving up over the curb and through a vacant lot.

Officers pursued Sanders and requested assistance. A marked patrol car with its overhead lights and siren activated eventually joined the pursuit, which proceeded at a high rate of speed along a highway, the highway's access road, and through neighborhoods. Sanders's vehicle seemed to experience mechanical difficulties and eventually came to a stop. Officers arrested Sanders and the passenger.

Sanders pleaded guilty to the charged offense and true to the enhancement notice.[2] The Community Supervision and Corrections Department

---

[2] A jury convicted Sanders of the charged offense because the State did not waive a jury trial.

prepared a Pre-sentence Investigation Report, and the trial court sentenced Sanders to eight years' confinement after hearing evidence at sentencing.

In his sole point, Sanders argues that the trial court abused its discretion by sentencing him to eight years' confinement. He seems to concede that a trial court does not abuse its discretion when the sentence falls within the statutory range of punishment, but he argues that the trial court nonetheless abused its discretion here because the sentence is "based on a misunderstanding as to the number of felony convictions in [his] past." Sanders's argument relies on a comment made by the trial judge just before imposing sentence. During closing argument, the prosecutor mentioned that Sanders had ten prior felonies. The trial court questioned the prosecutor, "Can you help me with where you come up with ten convictions?" Based on the pre-sentence investigation report, the prosecutor then outlined what he considered to be ten prior felonies.

In light of the trial court's question, Sanders argues that the trial court's "apparent confusion and unfamiliarity lends some credence to [his] position that the trial court was not fair in assessing his sentence." His argument is based on *Jackson v. State*, 680 S.W.2d 809 (Tex. Crim. App. 1984).

In *Jackson*, the trial judge who assessed punishment did not have access to the transcript of the testimony at the guilt-innocence phase of trial, no

3

evidence was elicited at the punishment hearing, and the trial court sentenced appellant based solely on a pre-sentence investigation report. *Id*. at 811, 814. "The sentencing judge . . . was left with nothing to base his determination as to punishment on except the naked fact that appellant had been found guilty of the offense of sexual abuse of a child." *Id*. at 814. "[U]nder the limited facts of th[e] case," the court of criminal appeals held that the trial court abused its discretion by determining the appellant's sentence in the absence of any facts or evidence available to the court and upon which the court could have relied in assessing punishment. *Id*.

The facts and circumstances underlying the *Jackson* decision are not present in this case. At sentencing, the State elicited testimony from two police officers involved in the pursuit of Sanders's vehicle, and it asked the trial court to take judicial notice of "all prior proceedings in this cause," which the trial court did. Thus, unlike in *Jackson*, the trial court considered facts and evidence in addition to the pre-sentence investigation report. Moreover, the trial court's inquiry into the number of prior felonies that Sanders had accumulated does not demonstrate unfamiliarity and confusion with the facts of the case; rather, as the State suggests, the record demonstrates that the trial court was simply attempting to confirm the accuracy of the prosecutor's statement that Sanders had ten prior felonies.

4

Sanders's eight year sentence falls within the statutory range of punishment. *See* Tex. Penal Code Ann. § 12.33 (Vernon 2003) (providing that an individual adjudged guilty of a felony of the second degree shall be punished by imprisonment for any term of not more than twenty years or less than two years); *Lewis v. State*, No. 14-01-00735-CR, 2002 WL 1591673, at *6 (Tex. App.—Houston [14th Dist.] July 18, 2002, pet. ref'd) (not designated for publication) (discussing enhancement of state jail felony with two prior felony convictions).

We hold that the trial court did not abuse its discretion by sentencing Sanders to eight years' confinement, we overrule Sanders's sole point, and we affirm the trial court's judgment.

PER CURIAM

PANEL:  HOLMAN, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 16, 2008

5