**Affirmed as Modified; Opinion Filed October 2, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00027-CR

**CLARENCE RAY DAVIS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F-1824087-H**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Nowell

Clarence Ray Davis pleaded guilty to aggravated sexual assault of a child under the age of fourteen, and the trial court sentenced him to twenty-two years' confinement. In a single issue, appellant asserts the sentence violates the objectives of the penal code. In a single cross issue, the State requests we modify the judgment to correctly show appellant did not enter a plea bargain. We modify the judgment and affirm as modified.

Appellant was charged with continuous sexual abuse of a child, but agreed to plead guilty to the reduced charge of aggravated sexual assault of a child. Appellant requested the trial court assess his sentence. Testimony at the sentencing proceeding showed appellant sexually assaulted his wife's daughter, who was fifteen-years-old at the time of sentencing, for several years. Since the assaults, the complainant was admitted to a mental hospital twice for depression, anxiety, and

suicidal ideation; was diagnosed with PTSD; cut herself; was attending weekly therapy; and was taking medication. The State agreed to allow appellant to plead guilty so the complainant would not have to testify before a jury.

Appellant's cousins testified about widespread sexual abuse in their family spanning multiple generations. One cousin stated: "My family is sick. This molestation has been going on since my great-grandmother's time, from my understanding. My mother was molested as a baby. . . . All of my cousins, the majority, have been molested." A different cousin explained appellant was abused as a child: "my grandmother would make him come into the restroom and bathe her and I didn't understand to my heart why a young kid would bathe a grown adult. But now as I'm older and I think about it she was sick, she had issues." Still another cousin testified appellant knows what happens to children who are sexually abused; she stated: "I don't understand for the life of me why he felt like this [sexually assaulting his wife's daughter] was okay and why he felt like he could get away with doing something like this, especially when he grew up around it so he knows exactly what transpired with me."

After hearing the evidence, the trial judge stated: "Now, the State has already given you a big break. Your lawyer has done a good job to convince the State to reduce your charge from Continuous Sexual Assault of a young child to Aggravated Sexual Assault of a child. You are guilty of the originally [sic] offense of Continuous Sexual Abuse [sic], but by the State agreeing to what your lawyer wanted[,] the State is cutting you a break because whatever time I give you, after you serve one-half of it you will be eligible to seek parole." He then sentenced appellant to twenty-two years' confinement.

In his sole issue, appellant argues the trial court's refusal to place him on community supervision in light of his need for rehabilitation was an abuse of discretion; appellant concedes the sentence assessed is within the statutory range. Appellant cites section 1.02 of the penal code

to support his argument. Texas Penal Code section 1.02, titled "Objectives of Code," lists multiple objectives, including to "insure the public safety" through deterrent influences of penalties, rehabilitation of those convicted, and punishment as may be necessary to prevent likely recurrence of criminal behavior. *See* TEX. PENAL CODE ANN. § 1.02(1).

On appeal, we "give a great deal of discretion to a trial judge's determination of the appropriate punishment in any given case." *Foster v. State*, 525 S.W.3d 898, 911 (Tex. App.—Dallas 2017, pet. ref'd) (citing *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984)). Generally, as long as the sentence is within the proper range of punishment, it will not be disturbed on appeal. *Id.* (citing *Jackson*, 680 S.W.2d 814).

Although appellant argues the trial court abused its discretion by refusing to place him on community supervision "in light of his need for rehabilitation," we do not agree. The record shows appellant assaulted his wife's teenage daughter over the course of multiple years and, as a result, she has been treated for depression, anxiety, and suicidal ideation in a mental hospital on two occasions; was diagnosed with PTSD; cuts herself; attends therapy each week; and takes medication. While the trial court acknowledged appellant's "need for help," incarceration does not mean he will be denied the opportunity for rehabilitation. Given the nature of the offense and its circumstances as well as the fact that the sentence is within the statutory range, we cannot conclude appellant's sentence violates the penal code's objectives as described in section 1.02. *See* TEX. PENAL CODE ANN. § 1.02(1). We overrule appellant's sole issue.

In its cross-issue, the State requests we modify the trial court's judgment to show appellant did not enter a plea bargain. We have the power to modify an incorrect judgment when we have the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W. 2d 26, 27–28 (Tex. Crim. App. 1993); *Owens v. State*, No. 05-18-00759-CR, 2019 WL 3729507, at *1 (Tex. App.—Dallas Aug. 8, 2019, no pet. h.) (mem. op., not designated for

publication).  The judgment states: "Terms of Plea Bargain: 22 years penitentiary."  However, the record in this case indicates appellant and the State reached a plea bargain agreement as to the offense, but not as to punishment.  The trial court assessed punishment.  We sustain the State's cross-issue and modify the judgment to show appellant did not reach a plea bargain with the State to serve twenty-two years' in the penitentiary.

As modified, we affirm the trial court's judgment.


/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2(b)
190027F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CLARENCE RAY DAVIS, Appellant

No. 05-19-00027-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F-1824087-H.
Opinion delivered by Justice Nowell.
Justices Myers and Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **DELETE** the words "22 Years Penitentiary" under the heading "Terms of Plea Bargain."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 2nd day of October, 2019.