

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00198-CR

Juan Manuel **GOMEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 156th Judicial District Court, McMullen County, Texas
Trial Court No. M-21-0013-CR-B
Honorable Janna K. Whatley, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Irene Rios, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: March 22, 2023

AFFIRMED

Appellant Juan Manuel Gomez appeals his sentence for smuggling of persons, a second-degree felony. *See* TEX. PENAL CODE ANN. § 20.05(b)(1)(C). By one issue, Gomez argues that the trial court abused its discretion in sentencing him to five years' imprisonment in the Texas Department of Criminal Justice—Institutional Division ("TDCJ"). We affirm.

A grand jury indicted Gomez on four counts of smuggling of persons. *Id.* Gomez waived a jury trial, and he entered an open plea of guilty to all four counts. The trial court initially withheld a finding of guilt, pending completion of a pre-sentence investigation ("PSI") report. At a later

hearing, the trial court, without objection, admitted the PSI report into evidence. Upon review of the PSI report and consideration of the arguments of counsel, the trial court found Gomez guilty and sentenced him to five years' imprisonment.

In his sole issue, Gomez argues that the trial court abused its discretion in sentencing him to five years' imprisonment. We review his sentence for abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (en banc). As a general rule, a penalty assessed within the proper punishment range will not be disturbed on appeal. *See id*. at 814. The PSI report states that Gomez and his brother-in-law agreed to smuggle four individuals for two-thousand dollars a person. It also states that, when Gomez was a juvenile, he was twice placed on probation. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (providing that punishment evidence includes "any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant."). The trial court assessed Gomez's punishment at five years' imprisonment for all four counts, which is a term of confinement in the lower third of the authorized range. *See* TEX. PENAL CODE ANN. §§ 12.33(a) ("An individual adjudged guilty of a felony of the second degree shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years."), 20.05(b)(1). We conclude that the trial court did not abuse its discretion in assessing Gomez's punishment. *See Jackson*, 680 S.W.2d at 814. Therefore, Gomez's sole issue is overruled.[1]

We affirm the trial court's judgment.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH

---

[1] Gomez also complains about not being transferred from a county jail, where he is currently confined, to a TDCJ facility. Gomes has not directed us — and we cannot find — a portion of the appellate record where this complaint was made to the trial court by a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a). Accordingly, any such complaint is waived. *See id*.