In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00077-CR


______________________________




NOAH DWYER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 85th Judicial District Court


Brazos County, Texas


Trial Court No. 28,001-85




 






Before Morriss, Ross, and Grant,* JJ.

Memorandum Opinion by Justice Grant



______________

*Ben Z. Grant, Justice, Retired, Sitting by Assignment


MEMORANDUM OPINION



 Noah Dwyer appeals his convictions for two counts of delivery of cocaine in an amount
greater than one gram, but less than four grams, charged in a single indictment. Dwyer pleaded
guilty without a plea bargaining agreement, and the trial court sentenced him to two fifteen-year
terms of imprisonment and ordered him to pay two $1,000 fines.

 In the same proceeding, Dwyer pleaded guilty to the charges in three other indictments: 
(1) possession of marihuana in a quantity greater than four ounces, but less than five pounds, for
which he was sentenced to two years' confinement in a state jail facility; (2) one count of delivery
of marihuana in a quantity greater than one-quarter ounce, but less than five pounds and one count
of delivery of lysergic acid diethylamide (LSD) in a quantity of less than twenty abuse units, for
which he was sentenced to two two-year terms of confinement in a state jail facility; and (3) one
count of possession of cocaine in an amount greater than four grams, but less than 200 grams with
intent to deliver and one count of possession of LSD in a quantity greater than eighty abuse units,
but less than 4,000 abuse units with intent to deliver, for which he was sentenced to two fifteen-year
terms of imprisonment. The trial court ordered all sentences to run concurrently. Dwyer has also
filed appeals from those convictions, which we address in separate opinions.

 Dwyer contends the trial court abused its discretion in sentencing him to imprisonment rather
than placing him on community supervision. We review a sentence imposed by the trial court for
abuse of discretion. Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). As a general
rule, a penalty assessed within the proper punishment range will not be disturbed on appeal. Id.

 Dwyer was convicted of two second-degree felonies. See Tex. Health & Safety Code
Ann. § 481.112(c) (Vernon Supp. 2003). The punishment range for the offenses is between two and
twenty years' imprisonment. Tex. Pen. Code Ann. § 12.33(a), (b) (Vernon 1994). Dwyer's
punishment of two fifteen-year terms of imprisonment is within the statutory range.

 Further, the evidence at Dwyer's trial supports the trial court's decision. Officer Wayland
Rawls testified he first had contact with Dwyer through a confidential informant while working
undercover. Rawls testified Dwyer explained to him how to grow marihuana plants in his home and
discussed going to Dallas to purchase LSD. Rawls purchased twenty LSD abuse units and some
potted marihuana plants from Dwyer at that meeting. 

 Rawls testified that on another occasion, he purchased one-eighth ounce of cocaine from
Dwyer. He testified Dwyer told him that he paid his bills by selling drugs, that he ensured repeat
business by selling undiluted cocaine, and that he went to Dallas several times a week to purchase
drugs. Rawls testified that on the same occasion, he saw several bags of cocaine in Dwyer's
possession. 

 Rawls testified that on another occasion, Dwyer agreed to purchase LSD in Dallas if Rawls
paid him in advance. On yet another occasion, a confidential informant purchased forty-seven abuse
units of LSD from Dwyer. 

 Rawls also testified he accompanied Dwyer to Dallas to purchase drugs. He testified Dwyer
sold him 420 abuse units of LSD, having previously agreed to sell him 500, but having held back
eighty units. Dwyer also purchased a pound of marihuana for himself. Rawls testified that on this
trip, he saw Dwyer in possession of over four grams of cocaine in a cigarette box. 

 It was on the way back from Dallas that officers stopped the vehicle, arrested Dwyer, and
seized the LSD, cocaine, and marihuana. Deputy Eddie Ramirez, who transported Dwyer to jail,
testified he found several small bags containing a white, powdery substance, later identified as
cocaine, where Dwyer had been seated in his patrol car. Officer Robert Wilson testified he took a
statement from Dwyer in which he denied the marihuana and cocaine found in Ramirez's car were
his, but admitted he took eighty abuse units of LSD from Rawls, whom he still did not know was
a police officer.

 Betty Meier, a community supervision officer with the Brazos County Community
Supervision and Corrections Department, testified she prepared a presentence investigation report
on Dwyer. She testified Dwyer admitted selling cocaine, LSD, methamphetamine, and marihuana
since he was fourteen years old. She testified Dwyer told her he made between $200 and $3,000 per
week selling drugs. She also testified Dwyer admitted he was in a gang from the time he was
thirteen years old until two years before his arrest. Meier further testified she did not consider Dwyer
a good candidate for admission to a drug rehabilitation program because he only admitted smoking
marihuana and infrequent cocaine use, and did not indicate any desire to change his behavior. 

 Carolyn Brunson, Dwyer's girlfriend who pleaded guilty to a drug possession offense and
agreed to testify against him, testified Dwyer would go to Dallas once or twice each month to
purchase LSD. She testified she witnessed Dwyer sell LSD and marihuana to a minor. She also
testified Dwyer essentially lived off selling drugs, and he frequently smoked marihuana. 

 Dwyer testified he had been selling drugs since he was fourteen years old. He would do so
to offset the cost of his own drug usage. He testified he did not make much money selling drugs
because he did not sell in large quantities. He testified this was the first time he had dealt in the
quantities of drugs for which he was charged in the present case. He testified he had been addicted
to marihuana, but was not addicted any longer. He testified he lied to Meier when he told her he did
not use LSD and when he did not disclose to her he had been selling drugs since he was fourteen. 

 Dwyer contends the trial court never considered his application for community supervision
and that he had no prior criminal convictions. But the trial court detailed specifically the factors it
considered in sentencing him. Those factors included the sentencing range for the offense,
protection of society, protection of any possible victims, deterrence, and rehabilitation. As factors
in mitigation, the trial court considered there were no allegations that Dwyer used violence or a
weapon in connection with the offenses and that Dwyer pleaded guilty. The trial court also
expressed concern about the amount of drugs involved and the length of time Dwyer had been selling
drugs. 

 The trial court then made the following statement, "And then I make a decision whether or
not to do the probation." The trial court told Dwyer it was not going to place him on community
supervision because it could not trust his sincerity, in view of the fact he lied to police and
community supervision officers after his arrest. 

 While the trial court did not specifically mention the fact Dwyer had never been convicted
of a crime, it was certainly aware of this fact because Dwyer's attorney mentioned it in his opening
and closing arguments. Given the record before us, we conclude the trial court did not abuse its
discretion in assessing Dwyer's punishment.

 We affirm the trial court's judgment.




 Ben Z. Grant

 Justice*


*Justice, Retired, Sitting by Assignment


Date Submitted: September 13, 2002

Date Decided: February 6, 2003


Do Not Publish



 her and her sister-in-law to the location of the law enforcement officials. 
It is also possible Sirmans could have contacted the officers directly by telephone and discussed the
matter over the telephone. She might also have been able to walk from her location to that of the
officers, as the record suggests they were only a mile down the road. Or, equally as probable,
Sirmans could have contacted the police by telephone and allowed them to drive to her location. 
Regardless, there were other, less dangerous options—ones that were certainly not illegal. 
            Accordingly, under the facts of this case, we cannot say Sirmans' testimony supported
instructing the jury on the defense of necessity. We believe no reasonable jury could conclude she
faced an imminent danger, no reasonable jury could conclude her conduct was immediately
necessary, and no reasonable jury could conclude her conduct was less dangerous than the perceived
harm she hoped to prevent. As such, we cannot say the trial court erred by refusing to submit her
requested jury instruction.
            We affirm the trial court's judgment.



                                                                        Jack Carter
                                                                        Justice

Date Submitted:          June 13, 2006
Date Decided:             June 20, 2006

Do Not Publish