Affirmed and Memorandum Opinion filed February 19, 2004









Affirmed
and Memorandum Opinion filed February 19, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00445-CR

____________

 

ROBERT BERNARD ANDERS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 56th
District Court

Galveston County, Texas

Trial Court Cause No. 02CR1570

 



 

M E M O R A N D U M   O P I N I O
N

In a single issue, appellant Robert Bernard Anders contends
the trial court erred in assessing punishment by failing to consider mitigating
evidence.  We affirm.

I. 
Procedural Background








Appellant was charged by indictment with the offense of
burglary of a building.  See Tex. Pen. Code Ann. ' 30.02 (Vernon
2003).  Appellant pleaded guilty to the
offense and the trial court assessed punishment at two years= confinement in
the State Jail Division of the Texas Department of Criminal Justice, with
credit for 193 days served.  Appellant
filed a motion for new trial asserting the contentions he now raises on appeal.[1]

II. 
Issue Presented

Appellant contends the trial court erred by failing to
consider the nature of the crime, the facts surrounding the crime, the
statement of the victim, and the character and reputation of appellant while
incarcerated in the Galveston County Jail for the purpose of mitigating
appellant=s punishment.  

III.  Analysis
and Discussion

We review a sentence imposed by the trial court for abuse
of discretion.  Jackson v. State,
680 S.W.2d 809, 814 (Tex. Crim. App. 1984). 
As a general rule, a penalty assessed within the proper punishment range
will not be disturbed on appeal.  Id.  The exception to the general rule is
triggered when a defendant is sentenced without at least some evidence or facts
available to the court on which the court could have relied in assessing
punishment.  See id.

In this case, the trial court assessed a punishment of two
years= confinement.  The range of punishment for the offense of
burglary of a building applicable to appellant is not more than two years= or less than 180
days= confinement in a
state jail.  See Tex. Pen. Code Ann. '' 12.35(a),
30.02(c)(1) (Vernon 2003).  In addition
to confinement, an individual adjudged guilty of a state jail felony may be
punished by a fine of up to $10,000.  Tex. Pen. Code Ann. ' 12.35(b).  Thus, the sentence imposed by the trial court
is within the statutory range.








Moreover, testimony from the victim, who conversed with
appellant at the scene of the burglary, and the police sergeant who found
appellant in the victim=s garage provided evidence that appellant
broke into the garage.  Appellant also
admitted to committing the offense during his testimony.  In addition, the State introduced judgments
revoking community supervision with regard to appellant=s prior
convictions for possession of cocaine and misdemeanor theft as well as a
judgment for a 2002 misdemeanor theft conviction.  When assessing punishment, the trial court
stated:  AIf it weren=t for that
previous State [sic] jail sentence and failing to learn from that, I would be
more understanding about this.  I think
we were very understanding during your previous probation, and it didn=t seem to get us
anywhere, even after you finally got revoked.@  Under these circumstances, the trial court
did not abuse its discretion in assessing appellant=s punishment.  Accordingly, we overrule appellant=s sole issue for
review.

Having overruled appellant=s sole issue, we
affirm the trial court=s judgment.

 

 

 

 

/s/      Kem
Thompson Frost

Justice

 

Judgment rendered
and Memorandum Opinion filed February 19, 2004.

Panel consists of
Chief Justice Hedges and Justices Frost and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 

 











[1]  The record
contains two identical motions for new trial filed March 10, 2003 and March 17,
2003, respectively.  The record does not
contain a ruling by the trial court on either motion.