ROBERTSON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-05-275-CR

        2-05-276-CR

        2-05-277-CR

        2-05-278-CR

        2-05-279-CR

MARCUS W. ROBERTSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant 
Marcus W. Robertson pleaded guilty to five offenses of aggravated assault.
  The trial court sentenced him to five years’ imprisonment in each case.  In one point, Robertson complains that the trial court abused its discretion in assessing his sentences.  We affirm. 

II. Background Facts

Rosalyn Woods testified that while she was sweeping her porch in the middle of the afternoon, she observed Robertson and Kortni Franklin approach her home.  Robertson was driving a car and Franklin was walking.  Woods testified that at some point, Robertson stopped the car and opened the trunk.  Franklin then reached into the trunk and pulled out an item that was wrapped in a sheet.  Woods said that based on the way Franklin handled the wrapped item, she could tell that it was a rifle.  Franklin approached Woods and asked her if he could speak to Rene Hansley, a woman who was inside Woods’s home at the time.  However, Woods refused to let Franklin talk to Rene because Rene and Franklin had been involved in some type of confrontation the night before. 

After Franklin was rebuffed in his efforts to speak with Rene, he got in the car with Robertson and drove away.  Shortly thereafter, as Woods was putting trash in trash cans that were located near the street, she noticed Franklin and Robertson approaching her house again.  According to Woods, her boyfriend, Sydney Grant, met Robertson and Franklin in the doorway of her house.  Grant refused to let Franklin enter the residence and speak with Rene.  

After Robertson and Franklin left Woods’s home for the second time, Woods observed the two men approach her home for a third time.  This time, while Robertson drove the car, Franklin pointed a rifle out of an open window towards her residence.  Woods then heard five gunshots fired at the house. Robertson was subsequently arrested and charged by five separate indictments with committing aggravated assault by threatening Woods, Grant, and three other individuals that were in Woods’s home at the time, with a deadly weapon.  Robertson entered an open plea of guilty to the trial court and the trial court sentenced him to five years’ imprisonment in each case.  These appeals follow.

III. Robertson’s Sentences

In his sole point on appeal, Robertson argues that the trial court abused its discretion in assessing his sentences.  Specifically, he argues that the trial court appears to have ignored the minimal role he played in the offenses.

In our review of a trial court's determination of the appropriate punishment in any given case, a great deal of discretion is allowed the sentencing judge.  
Jackson v. State
, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).  A trial court abuses his discretion only when he acts without reference to any guiding rules or principles so as to render the conclusion ultimately reached arbitrary, unreasonable, and outside the zone within which reasonable minds may differ
.  See Montgomery v. State
, 810 S.W.2d 372, 380, 391 (Tex. Crim. App. 1990).  Accordingly, a trial court that imposes a sentence upon a defendant without having any factual basis for that sentence may well abuse his discretion.  
Jackson,
 680 S.W.2d at 814.  However, if the record reflects that the judge had evidence before him that he could rely upon in making the assessment of the sentence that was imposed, the general rule prevails, which  provides that a trial court’s discretion is limited only by the maximum sentence allowed by law.  
See id.; Tamminen v. State, 
653 S.W.2d 799, 803 (Tex. Crim. App. 1983).

In this case, the record shows that the trial court sentenced Robertson after having conducted a hearing in which the State presented evidence of Robertson’s guilt.  For example, the trial court heard Woods testify that Robertson joined Franklin in telling Grant that he (Grant) would “pay” for having kept Franklin from speaking to Hansley.  The trial court also heard Woods testify that she had observed Robertson open the car’s trunk for Franklin, giving him access to the rifle, and that she later observed Robertson drive the car while Franklin shot at her home.  The trial court could have relied on this evidence in assessing Robertson’s sentences.  Therefore, the judge’s discretion was limited only by the maximum sentence allowed by law.
  See Jackson
, 680 S.W.2d at 814; 
Tamminen
, 653 S.W.2d at 803. 

Aggravated assault is a felony of the second degree, and the punishment range for a person adjudged guilty of a felony of the second degree is imprisonment for any term of not more than twenty years or less than two years.  
Tex. Penal Code Ann.
 §§ 12.33, 22.02 (Vernon 2003 & Supp. 2005).  Robertson was sentenced to five years’ imprisonment in each case.  Therefore, his sentences are well within the statutory range of punishment.  
Id
. § 12.33
.  Accordingly, because the trial record reflects that the trial court had evidence upon which it could have relied in determining Robertson’s sentences and because Robertson’s punishment did not exceed the maximum sentence allowed by law, we hold that the trial court did not abuse its discretion in assessing Robertson’s punishment.

IV. Conclusion 

Having overruled Robertson’s sole point, we affirm the trial court’s judgments.  

PER CURIAM

PANEL F: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: June 8, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.