TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00174-CR


NO. 03-95-00175-CR







Cora Lynn Romero, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NOS. 44,550 & 44,551, HONORABLE WILLIAM C. BLACK, JUDGE PRESIDING







PER CURIAM


 In the first cause, the district court found appellant guilty of two counts of reckless
injury to a child and assessed punishment at imprisonment for ten years. Act of May 29, 1989,
71st Leg., R.S., ch. 357, § 1, 1989 Tex. Gen. Laws 1441, amended by Act of May 27, 1991, 72d
Leg., R.S., ch. 497, § 1, 1991 Tex. Gen. Laws 1742 (Tex. Penal Code Ann. § 22.04, since
amended). In the second cause, the court found appellant guilty of driving while intoxicated, third
offense, and assessed punishment at imprisonment for five years. Act of May 27, 1983, 68th Leg.
R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574 (Tex. Rev. Civ. Stat. Ann. art. 6701l-1(b),
(e), since amended and codified at Tex. Penal Code Ann. §§ 49.04, 49.09). In two points of
error, appellant contends the district court abused its discretion in assessing punishment and in
overruling her motion for new trial.

 Driving while intoxicated, appellant had an automobile accident in which her two
young children were seriously injured. Appellant pleaded guilty and judicially confessed to the
offenses alleged in the indictments. After accepting the pleas, the court and counsel discussed the
punishment options. During the discussion, the court remarked:



 My concern with sending this woman to the penitentiary, if she doesn't go
to SAFPF[ (1)], is that she's going to come out an alcoholic with no treatment, and
she'll be driving again. I had thought about -- if I can get her into SAFPF to send
her under one, and put her under ten years probation under the other, so that she'll
still be under some sort of community supervision when she gets paroled out.



No decision was made and the causes were continued. One month later, after considering the
presentence report and hearing brief testimony, the court assessed punishment as indicated above. 
Appellant filed a motion for new trial asking the court to reconsider the punishment. The court
denied the motion after a hearing. The court explained, "After fully considering all of the
alternatives and the evidence I felt like that there was no point in sending this Defendant to
SAFPF. I changed my mind and assessed the punishment . . . I think that's justified and required
under the circumstances."

 There was no plea bargain agreement and the punishment options were not
discussed until after the pleas were made and accepted. Appellant does not contend her guilty
pleas were involuntary. The punishment assessed is within the range prescribed by the legislature
for these offenses. Appellant does not contend the punishment is cruel or unusual. Appellant
does not contend that the court assessed punishment without reference to any evidence. Jackson
v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Appellant simply urges that it would
have been wiser for the court to place her on community supervision with required substance
abuse treatment rather than sentence her to prison.

 A great deal of discretion is accorded a sentencing court, and the court's
determination of the appropriate punishment ordinarily will not be disturbed on appeal if it is
within the proper range. Id. The decision to place a defendant on community supervision is also
committed to the discretion of the court, which is to consider the best interest of justice, the
public, and the defendant. Art. 42.12, §§ 3, 5. We find no basis in the record before us to
disturb the district court's punishment decisions in these causes. The points of error are
overruled.

 The judgments of conviction are affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed on Both Causes

Filed: September 20, 1995

Do Not Publish

1.   As a condition of community supervision, a court may require a defendant to attend
a substance abuse felony punishment facility. See Tex. Code Crim. Proc. Ann. art. 42.12, §
14 (West Supp. 1995); Tex. Gov't Code Ann. § 493.009 (West Supp. 1995).


1">
PER CURIAM


 In the first cause, the district court found appellant guilty of two counts of reckless
injury to a child and assessed punishment at imprisonment for ten years. Act of May 29, 1989,
71st Leg., R.S., ch. 357, § 1, 1989 Tex. Gen. Laws 1441, amended by Act of May 27, 1991, 72d
Leg., R.S., ch. 497, § 1, 1991 Tex. Gen. Laws 1742 (Tex. Penal Code Ann. § 22.04, since
amended). In the second cause, the court found appellant guilty of driving while intoxicated, third
offense, and assessed punishment at imprisonment for five years. Act of May 27, 1983, 68th Leg.
R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574 (Tex. Rev. Civ. Stat. Ann. art. 6701l-1(b),
(e), since amended and codified at Tex. Penal Code Ann. §§ 49.04, 49.09). In two points of
error, appellant contends the district court abused its discretion in assessing punishment and in
overruling her motion for new trial.

 Driving while intoxicated, appellant had an automobile accident in which her two
young children were seriously injured. Appellant pleaded guilty and judicially confessed to the
offenses alleged in the indictments. After accepting the pleas, the court and counsel discussed the
punishment options. During the discussion, the court remarked:



 My concern with sending this woman to the penitentiary, if she doesn't go
to SAFPF[ (1)], is that she's going to come out an alcoholic with no treatment, and
she'll be driving again. I had thought about -- if I can get her into SAFPF to send
her under one, and put her under ten years probation under the other, so that she'll
still be under some sort of community supervision when she gets paroled out.



No decision was made and the causes were continued. One month later, after considering the
presentence report and hearing brief testimony, the court assessed punishment as indicated above. 
Appellant filed a motion for new trial asking the court to reconsider the punishment. The court
denied the motion after a hearing. The court explained, "After fully considering all of the
alternatives and the evidence I felt like that there was no point in sending this Defendant to
SAFPF. I changed my mind and assessed the punishment . . . I think that's justified and required
under the circumstances."

 There was no plea bargain agreement and the punishment options were not
discussed until after the pleas were made and accepted. Appellant does not contend her guilty
pleas were involuntary. The punishment assessed is within the range prescribed by the legislature
for these offenses. Appellant does not contend the punishment is cruel or unusual. Appellant
does not contend that the court assessed punishment without reference to any evidence. Jackson
v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Appellant simply urges that it would
have been wiser for the court to