NUMBER 13-03-612-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
ROBIN LEE RITCHIE,                                                                  Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 338th District Court of Harris County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Rodriguez, Castillo, and Garza
Memorandum Opinion by Justice Garza
 
          Without the benefit of a plea-bargain agreement, appellant pleaded guilty to the
offense of aggravated robbery.


 Following a pre-sentence investigation (“PSI”) hearing, the
trial court assessed punishment at confinement in the Institutional Division of the Texas
Department of Criminal Justice for forty-five years. 
          The record reflects that, after the trial court admonished appellant about the
possible consequences of a guilty plea, including the range of punishment,


 appellant
entered a guilty plea. The pre-sentence investigation report revealed that appellant had
previously been convicted of the following offenses: 
          1.       Robbery - Bodily Injury convicted 12/04/92 (16 years in TDCJ)
          2.       Assault - Bodily Injury convicted 05/07/92 (240 days in Harris Co. Jail)
          3.       Unauthorized Use of a Vehicle convicted 10/07/91 (10 months in Harris Co.
Jail)
          4.       Aggravated Assault - Deadly Weapon convicted 8/02/91 (180 days in Harris
Co. Jail)
          In a single issue, appellant contends that his sentence constitutes cruel and unusual
punishment under the Eighth Amendment to the United States Constitution because it
punishes him for being in the grip of a long-term addiction to crack cocaine, without
providing an atmosphere for treatment of this medical condition.  
          As a preliminary matter, the State asserts that because appellant did not object to
the sentence on any grounds and filed no motion for new trial he is therefore precluded
from raising this complaint on appeal. We agree. 
          As a prerequisite to presenting a complaint for appellate review, there must be a
timely objection which specifically states the legal basis for that objection. See Rhoades
v. State, 934 S.W.2d 113, 119-20 (Tex. Crim. App. 1996). The record establishes that
appellant failed to object to the imposition of punishment. Because appellant is raising this
issue for the first time on appeal, we conclude that any error is waived. Id. at 120; see Tex.
R. App. P. 33.1. Moreover, even had appellant’s points been preserved, the sentence
imposed was within the statutorily permissible range. See Harris v. State, 656 S.W.2d 481,
486 (Tex. Crim. App. 1983) (en banc); Samuel v. State, 477 S.W.2d 611, 614 (Tex. Crim.
App. 1972). The general rule is that a sentence within the statutory range will not be
disturbed on appeal. Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (en
banc). 
          Accordingly, we overrule appellant’s sole issue on appeal and affirm the judgment
of the trial court.      
 
DORI CONTRERAS GARZA,
                                                                           Justice
 
Do not publish. 
Tex.R.App.P. 47.2(b)
Memorandum Opinion delivered and 
filed this the 26th day of May, 2005.