COURT OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                      FORT
WORTH

 

 

                                           NO.
2-07-250-CR

 

 

ROBBIE SANDERS                                                                APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

         FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------

A jury convicted Appellant
Robbie Sanders of evading arrest or detention using a vehicle, and the trial
court sentenced him to eight years= confinement. In a single point, Sanders argues that the trial court
abused its discretion by sentencing him to eight years= confinement.  We will affirm.








On March 22, 2005, officers
with the Fort Worth Police Department observed Sanders bring his vehicle to a
stop in front of a house known for selling drugs.  A male exited the house, approached the
passenger side of Sanders=s vehicle,
and conducted activity with Sanders=s passenger consistent with what the officers considered to be a drug
transaction.  Officers blocked the street
with their vehicles in an attempt to stop Sanders=s vehicle.  They wore black ID
vests with lettering that spelled the words APOLICE@ and ASWAT.@  The officers motioned at Sanders to stop as
he approached, but Sanders fled, swerving out of the street and driving up over
the curb and through a vacant lot.

Officers pursued Sanders and
requested assistance.  A marked patrol
car with its overhead lights and siren activated eventually joined the pursuit,
which proceeded at a high rate of speed along a highway, the highway=s access road, and through neighborhoods.  Sanders=s vehicle seemed to experience mechanical difficulties and eventually
came to a stop.  Officers arrested
Sanders and the passenger.








Sanders pleaded guilty to the
charged offense and true to the enhancement notice.[2]  The Community Supervision and Corrections
Department prepared a Pre-sentence Investigation Report, and the trial court
sentenced Sanders to eight years= confinement after hearing evidence at sentencing.

In his sole point, Sanders
argues that the trial court abused its discretion by sentencing him to eight
years= confinement.  He seems to
concede that a trial court does not abuse its discretion when the sentence
falls within the statutory range of punishment, but he argues that the trial
court nonetheless abused its discretion here because the sentence is Abased on a misunderstanding as to the number of felony convictions in
[his] past.@ Sanders=s argument relies on a comment made by the trial judge just before
imposing sentence.  During closing
argument, the prosecutor mentioned that Sanders had ten prior felonies.  The trial court questioned the prosecutor, ACan you help me with where you come up with ten convictions?@  Based on the pre-sentence
investigation report, the prosecutor then outlined what he considered to be ten
prior felonies.

In light of the trial court=s question, Sanders argues that the trial court=s Aapparent
confusion and unfamiliarity lends some credence to [his] position that the
trial court was not fair in assessing his sentence.@  His argument is based on Jackson
v. State, 680 S.W.2d 809 (Tex. Crim. App. 1984).








In Jackson, the trial
judge who assessed punishment did not have access to the transcript of the
testimony at the guilt-innocence phase of trial, no evidence was elicited at
the punishment hearing, and the trial court sentenced appellant based solely on
a pre-sentence investigation report.  Id.
at 811, 814.  AThe sentencing judge . . . was left with nothing to base his
determination as to punishment on except the naked fact that appellant had been
found guilty of the offense of sexual abuse of a child.@  Id. at 814.  A[U]nder the limited facts of th[e] case,@ the court of criminal appeals held that the trial court abused its
discretion by determining the appellant=s sentence in the absence of any facts or evidence available to the
court and upon which the court could have relied in assessing punishment.  Id.

The facts and circumstances
underlying the Jackson decision are not present in this case.  At sentencing, the State elicited testimony
from two police officers involved in the pursuit of Sanders=s vehicle, and it asked the trial court to take judicial notice of Aall prior proceedings in this cause,@ which the trial court did. 
Thus, unlike in Jackson, the trial court considered facts and
evidence in addition to the pre-sentence investigation report.  Moreover, the trial court=s inquiry into the number of prior felonies that Sanders had
accumulated does not demonstrate unfamiliarity and confusion with the facts of
the case; rather, as the State suggests, the record demonstrates that the trial
court was simply attempting to confirm the accuracy of the prosecutor=s statement that Sanders had ten prior felonies.








Sanders=s eight year sentence falls within the statutory range of
punishment.  See Tex. Penal Code
Ann. ' 12.33 (Vernon 2003) (providing that an individual adjudged
guilty of a felony of the second degree shall be punished by imprisonment for
any term of not more than twenty years or less than two years); Lewis v.
State, No. 14-01-00735-CR, 2002 WL 1591673, at *6 (Tex. App.CHouston [14th Dist.] July 18, 2002, pet. ref=d) (not designated for publication) (discussing enhancement of state
jail felony with two prior felony convictions).

We hold that the trial court
did not abuse its discretion by sentencing Sanders to eight years= confinement, we overrule Sanders=s sole point, and we affirm the trial court=s judgment.

 

 

PER CURIAM

PANEL: 
HOLMAN, WALKER, and MCCOY, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
October 16, 2008











[1]See Tex.
R. App. P. 47.4.





[2]A
jury convicted Sanders of the charged offense because the State did not waive a
jury trial.