Opinion filed August 30, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00272-CR

_____

## KENNETH LASHAWN GREEN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR35821**

### M E M O R A N D U M   O P I N I O N

Kenneth Lashawn Green, Appellant, originally pleaded guilty to the offense of aggravated assault/family violence with a deadly weapon. The trial court deferred the adjudication of Appellant's guilt and placed him on community supervision for seven years. The trial court subsequently revoked Appellant's community supervision, adjudicated his guilt, assessed his punishment at

confinement for twenty years, and ordered that the sentence in this case shall run consecutively to the sentences assessed in Counts I and II of cause no. CR38038 in the 142nd District Court of Midland County.[1] We affirm.

In his sole issue on appeal, Appellant contends that the punishment assessed by the trial court was improperly rendered and was excessive. Appellant's argument focuses only on the "harsh sentence" imposed by the trial court and the stacking of the 20-year sentence in this case onto the two 4-year sentences for sexual assault in cause no. CR38038. He contends that the trial court failed to consider the wishes of the victim in the sexual assaults that Appellant not "go away forever." The trial court was not required to follow the wishes of that victim. Appellant does not argue that his sentence in this case was disproportional to his crime.

The offense for which Appellant was convicted in this case, aggravated assault/family violence, was a first-degree felony and was therefore punishable by a term of confinement for life or for a term of not less than five years or more than ninety-nine years. *See* TEX. PENAL CODE ANN. §§ 12.32, 22.02(b)(1) (West 2011). The trial court imposed a 20-year sentence, which is well within the range of punishment for a first-degree felony. A sentence that falls within the range of punishment authorized by statute is generally not cruel, unusual, or excessive. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). We hold that the trial court acted within its discretion when it assessed Appellant's punishment and ordered his sentence to run consecutively to those imposed in cause no. CR38038. *See Morrison v. State*, No. 11-11-00191-CR, 2013 WL 2407088 (Tex. App.—Eastland May 30, 2013, no pet. h.) (mem. op., not designated for publication). Appellant's sole issue on appeal is overruled.

---

[1]On this same day in a companion case, *Kenneth Lashon Green v. State*, No. 11-11-00273-CR, we have affirmed the judgments in which Appellant was convicted of two counts of sexual assault in trial court cause no. CR38038.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


August 30, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.