**AFFIRMED and Opinion Filed April 2, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-00022-CR**

**No. 05-19-00023-CR**

**IBRAHEIM KADAR STROGGINS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F12-72353-Q; F12-61723-Q**

## MEMORANDUM OPINION

Before Justices Bridges, Molberg, and Partida-Kipness
Opinion by Justice Bridges

Ibraheim Kadar Stroggins appeals his aggravated robbery conviction in cause number 05-19-00022-CV and his burglary with intent to commit robbery conviction in cause number 05-19-00023-CV. The trial court adjudicated appellant's guilt and sentenced him to fifteen years' confinement in each case. In two issues, appellant argues the trial court abused its discretion in sentencing him to fifteen years' confinement because that punishment violates the objectives of the penal code. We affirm the trial court's judgments.

In late 2012, appellant was charged by indictment with the underlying offenses. At a hearing in May 2015, appellant entered a guilty plea to each offense. Appellant testified he ran into his cousin and another man at a bus station. The three went to a house they had heard contained "dope and money." Appellant testified he did not have a gun, and "all [he] did was grab stuff in the house." Appellant also testified he was in the room while a girl in the house was being raped by one of his accomplices. In response to questioning, appellant testified that he had been in jail most of the time these cases were pending except for three months when appellant was released and put "on the monitor." However, appellant "violated [his] monitor" and went back to jail. Appellant testified he understood that, if the judge gave him deferred adjudication and he "messed up," he could come back and the judge could give him "life in prison." The trial court placed appellant on deferred adjudication community supervision for a period of ten years in each case. In September 2017, the State filed a motion to revoke appellant's probation and proceed with an adjudication of guilt in each case, alleging, among other things, that appellant had failed to report to the community supervision office in June, July, or August 2017. In October 2017, at a hearing before the same judge who had placed appellant on community supervision, the trial judge admonished appellant that he "would be looking at prison time" if he continued to fail to report. The State filed a motion to withdraw its motions to revoke and proceed with adjudication, and the trial court granted the motions and continued appellant on probation.

In July 2018, the State again filed motions to adjudicate alleging, among other things, appellant failed to report to the community supervision office in March, April, and June 2018. At a hearing on the motions, appellant entered pleas of true to the allegations in the motions and admitted that he was the same individual who was placed on community supervision. Appellant testified he worked in landscaping and could not always report, but his probation officer told him keeping in contact was "the only thing" that he had to do. Appellant testified he kept in contact or left a message on the answering machine. Appellant testified he told his employer he was on probation, and his employer told him not to come into work on the days he had to go to his probation appointments. Appellant admitted he tested positive for marijuana in May 2018, but the positive test resulted from an "accident" in which appellant ate an "edible" at a party. The trial court stated a note from appellant's probation officer said appellant had not contacted his probation officer for eighty-nine days. The trial court also noted appellant had "tested positive for weed so many times," the court sent him to a class, but appellant "was still testing positive." The trial court adjudicated appellant guilty of each offense and sentenced him to fifteen years' confinement in each case. These appeals followed.

In two issues, appellant argues his fifteen-year sentence in each case violates the objectives of the Texas Penal Code. Specifically, appellant argues that, given his youth and the minor nature of his violations, the trial court abused its discretion

–3–

in sentencing him to fifteen years in the penitentiary instead of continuing him on community supervision.

We give a great deal of discretion to a trial judge's determination of the appropriate punishment in any given case. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Foster v. State*, 525 S.W.3d 898, 911 (Tex. App.—Dallas 2017, pet. ref'd). Additionally, the general rule is that as long as a sentence is within the proper range of punishment, it will not be disturbed on appeal. *Jackson*, 680 S.W.2d at 814; *Foster*, 525 S.W.3d at 911.

Aggravated robbery with a deadly weapon and burglary with intent to commit a felony are both first-degree felonies punishable by imprisonment for 5 to 99 years and an optional fine not to exceed $10,000. TEX. PENAL CODE ANN. §§ 12.32, 29.03(b), 30.02(d).

Appellant's fifteen-year sentence in each case was well within the proper range of punishment. *See Jackson*, 680 S.W.2d at 814; *Foster*, 525 S.W.3d at 911. Appellant emphasizes the "minor nature of his violations," presumably the violations of the conditions of his community supervision. However, appellant ignores the fact that he failed to report to the community supervision office for months at a time, despite being given a second chance and placed back on community supervision after he repeatedly failed to report in 2017.

Appellant further cites *Jackson* for the proposition that there must be evidence or facts available to the court and upon which the court could have relied in assessing

punishment. *See Jackson*, 680 S.W.2d at 814. The facts before the court were that appellant went to a residence with two accomplices and "grab[bed] stuff." Appellant was in the room when one of his accomplices raped a girl in the residence. Appellant was temporarily released "on the monitor," but he violated the terms of his release and went back to jail. When placed on community supervision, appellant failed to report for months at a time, leading the State to file a motion to revoke. The trial judge held a hearing and ultimately gave appellant another chance at community supervision. Again, appellant failed to report for months at a time. Under the facts and circumstances of this case, we conclude the trial court did not abuse its discretion in imposing a fifteen-year sentence in each case. *See Jackson*, 680 S.W.2d at 814; *Foster*, 525 S.W.3d at 911. Moreover, we cannot conclude appellant's sentences violate the objectives of the Texas Penal Code. *See Jackson*, 680 S.W.2d at 814. We overrule appellant's first and second issues.

We affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

190022F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

IBRAHEIM KADAR STROGGINS,
Appellant

No. 05-19-00022-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F12-72353-Q.
Opinion delivered by Justice Bridges.
Justices Molberg and Partida-Kipness
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered April 2, 2020



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IBRAHEIM KADAR STROGGINS, Appellant

No. 05-19-00023-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas Trial Court Cause No. F12-61723-Q. Opinion delivered by Justice Bridges. Justices Molberg and Partida-Kipness participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered April 2, 2020