**Opinion issued July 16, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00145-CR

————————————

**KENDRICK MARQUIS PLEASANT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Case No. 1292602**

---

## MEMORANDUM OPINION

Kendrick Marquis Pleasant pleaded guilty without an agreed recommendation to aggravated robbery with a deadly weapon.[1] Following a reset for completion of a presentence investigation report ("PSI"), the trial court found

---

[1]  TEX. PENAL CODE ANN. § 29.03(b) (West 2011).

appellant guilty and assessed his punishment at eight years' confinement. In two issues, appellant contends that the trial court's imposition of an eight-year sentence violates (1) his right to due process of law under the Texas Constitution and (2) his right against cruel and unusual punishment under the United States Constitution. We affirm.

## Background

Indicted for aggravated robbery with a deadly weapon, appellant, having filed a motion for community supervision, pleaded guilty without an agreed recommendation as to punishment and was duly admonished by the trial court. At the February 6, 2012 sentencing hearing, the trial court noted that it had "had that PSI for a while" and had "gone through it a number of times." No witnesses were presented. In its closing argument, the State opposed community supervision because appellant had not taken responsibility for the crime, a gun was used during the home invasion in which the complainant was injured, and appellant had twice been previously charged with the unlawful possession of a firearm. The defense counsel, in turn, asked the court to consider appellant's youth, the 300 days already spent in jail, and appellant's return to school since his release on bond.

At the conclusion of the hearing, the trial court noted the case to be an armed home invasion, appellant's multiple prior offenses of carrying a weapon, and a prior assault offense as a juvenile. In light of these factors, the court determined

2

"[t]his is not the right case in my mind and the right background for [community supervision]" and sentenced appellant to eight years' incarceration.

## Discussion

Appellant's first point of error contends that the trial court abused its discretion in denying his request for community supervision and sentencing this first-time felony offender to eight years' confinement. Such an excessive sentence, appellant argues, violated his Texas Constitutional due process rights under Article I, Section 19. The State counters that (1) appellant's claim is inadequately briefed, (2) appellant waived any error by failing to object below, and (3) the sentence imposed was within the statutory range based on a proper factual foundation.

The punishment range for an aggravated robbery is five to ninety-nine years' imprisonment. *See* TEX. PENAL CODE ANN. §§ 12.32(a), 29.03(b) (West 2011). Appellant acknowledges that his eight-year sentence is within the range of punishment established by the Legislature and, as such, will generally not be disturbed on appeal. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). He argues, however, that while an appellate court will not review the length of a statutorily permissible sentence, it will review the process by which the particular punishment was determined. Nonetheless, appellant fails to show how the trial court's determination of his sentence denied him due process. Further, although he cites to several authorities, appellant does not connect them to the facts

3

of this case. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Franklin v. State*, 693 S.W.2d 420, 431 (Tex. Crim. App. 1985) ("Mere assertions in a brief not supported by evidence in the record will not be considered on appeal.").

In light of the wide discretion accorded trial court judges to decide the appropriate punishment in a given case, we conclude that there was no abuse of discretion in sentencing appellant to eight years' confinement. *See Jackson*, 680 S.W.2d at 814. An abuse of discretion will be found only when there is no evidence or factual basis for the punishment imposed. *Id.* As previously noted, the punishment range for an aggravated robbery is five to ninety-nine years' imprisonment, and appellant was sentenced to eight years' confinement, only three years above the minimum sentence. *See* TEX. PENAL CODE ANN. §§ 12.32(a), 29.03(b).

The transcript of the sentencing hearing reflects that the court had reviewed the PSI report "a number of times" and had the benefit of argument from both the State and trial counsel. At the conclusion of the hearing, the court made clear that its decision was based on the underlying facts of the case as well as appellant's prior criminal history. Specifically, the court noted the nature of the crime, a home invasion, where "people are at home and people kick in [their] doors with guns"

4

which is "a frightening thing and . . . is just short of capital murder, because if somebody in the home does something wrong, that's when people are shot." The court also considered appellant's prior criminal history involving firearms and/or violence. Such evidence provided the trial court with a proper factual basis to deny community supervision and sentence appellant to eight years' confinement. *See Jackson*, 680 S.W.2d at 814. We overrule appellant's first point of error.

Appellant's second point of error contends that an eight-year sentence for his first felony offense constituted a violation of his constitutional right against cruel and unusual punishment under the Eighth Amendment to the United States Constitution. Specifically, he complains that his sentence is grossly disproportionate to the seriousness of the offense. The State argues that appellant's failure to timely object in the trial court waived any error and further asserts that, even if properly preserved for our review, appellant's claim does not pass the proportionality test threshold nor contains the sufficient information for a full proportionality analysis.

The Eighth Amendment to the United States Constitution requires that a criminal sentence be proportionate to the crime for which a defendant has been convicted. *Solem v. Helm*, 463 U.S. 277, 290 (1983); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). To preserve for appellate review a complaint that the sentence is grossly disproportionate and,

therefore, cruel and unusual punishment, a defendant must have presented the trial court with a timely request, an objection, or motion stating the specific grounds for the ruling desired. *See* TEX. R. APP. P. 33.1(a); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (noting that defendant waived any error because he presented his argument for first time on appeal); *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding that defendant's failure to object to his life sentence of imprisonment as cruel and unusual punishment waived error). When the court asked if he had anything to say before sentence was pronounced, appellant did not respond. Once it had been pronounced, appellant lodged no objection to the sentence in the trial court. Nor did he raise the issue in a motion for new trial. Absent presentation of his proportionality complaint to the trial court, appellant has failed to preserve the complaint for our review. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Noland*, 264 S.W.3d at 151 (where appellant made no objection to trial court about punishment assessed or asserted complaint in motion for new trial, appellant failed to preserve Eighth Amendment complaint for review). We overrule appellant's second point of error.

## Conclusion

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Chief Justice Radack and Justices Sharp and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).