**AFFIRM; and Opinion Filed October 17, 2017.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-16-01104-CR**

**No. 05-16-01105-CR**

**EDWIN RIASCOS ROMERO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 219-81406-2015, 219-82195-2016**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Boatright
Opinion by Justice Boatright

Appellant was indicted in five different cases, all of which were tried at the same time. He was charged with three counts of burglary of a habitation and two counts of aggravated robbery. The jury convicted him on one burglary count and one robbery count, but acquitted him on the rest. The trial court sentenced appellant to life imprisonment. Appellant presents three issues on appeal. He contends that the evidence was insufficient to support his conviction and that the trial court erred in allowing testimony of an extraneous offense and in failing to consider the full range of punishment. We affirm.

**Background**

Plano police investigated a series of burglaries and robberies that were committed during a two-week period in the spring of 2015. All victims were of Asian descent. The assailant always entered the property from the back of the property, searched the master bedroom, and stole jewelry and cash.

Video showed a vehicle owned by appellant's roommate, Pier Pelaez, leaving the scene of one of the burglaries. Several days later, police pulled over a van that was also registered to Pelaez; he was driving. Appellant was in the passenger seat, but he got out and fled. Police searched the home that appellant shared with Pelaez and found items that appeared to have been stolen during the series of crimes.

**Sufficiency of the Evidence**

Because it could result in an acquittal, we address appellant's sufficiency issue before we address his remand issues. Appellant contends that the State failed to prove the elements of the charged offenses. We will discuss each offense of which he was convicted, beginning with the burglary.

The elements of burglary of a habitation are (1) a person enters a habitation (2) with intent to commit or attempts to commit (3) theft of property. TEX. PENAL CODE ANN. § 30.02(a) (West 2011). The State presented evidence that a person broke into homes to steal property. Appellant does not contest this; instead, he disputes that he was the person who did so.

In support of his argument, appellant notes that no witness identified appellant as the perpetrator of, or a party to, the burglary of which he was convicted. He explains that there were no fingerprints or DNA recovered from the crime scene and that many of the stolen items in the house appellant shared with Pelaez were not found in appellant's room. Appellant also notes that

the only video evidence of the charged offenses showed Pelaez's vehicle, but it does not show appellant himself.

The State replies that appellant was in the passenger seat of Pelaez's van when police pulled it over. The State notes that cell phone records indicate that appellant made or received calls near the time and place of the burglary. The State also explains that appellant's shoe was similar in size, shape, and tread to one that left an impression on a window screen that had been removed from the back of the house appellant was convicted of burglarizing. At the same house, one of the back windows had been smashed; the State notes that a window punch—a tool used for breaking windows—was found in appellant's room. The State says that items similar to those stolen in the burglary were also found in appellant's room.

In contrast, appellant has not identified any evidence that supports his theory of the case, which was that someone else committed the burglary. There is no video or witness identification of appellant at the crime scene, but there is none of Pelaez or anyone else in the record either. There are no fingerprints or DNA of appellant, but there are also none of anybody else in the record. Not all of the stolen items were in appellant's room, but evidence tends to suggest that some of them were, and the rest were in a shared area of the house; appellant does not argue that any of the stolen items were in Pelaez's room. Nor did appellant proffer an alibi. Thus, appellant points to no evidence that supports the inference that someone else committed the robbery. At most, his argument identifies types of evidence the State did not offer against him that might have made its case stronger.

But that is not the issue before us. In conducting a review of the legal sufficiency of evidence, we do not evaluate the weight of the evidence. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Nor do we replace the factfinder's judgment with our own. *Id.* We view the evidence in the light most favorable to the verdict. *Jackson v. Virginia*, 443 U.S. 307, 319

–3–

(1979). Having determined that the State presented evidence showing that appellant committed burglary of a habitation, we conclude that a rational trier of fact could have found that the State proved the essential elements of that crime beyond a reasonable doubt.

For similar reasons, a rational factfinder could have found that appellant committed aggravated robbery, the essential elements of which are that (1) while committing theft of property (2) with intent to obtain or maintain control of it, (3) a person intentionally or knowingly (4) threatens or places another in fear of imminent bodily injury or death and (5) uses a deadly weapon. TEX. PENAL CODE ANN. § 29.03(a) (West 2011). The complaining witness testified the robber pointed a gun at her and that she feared for her life. He took money from her purse and then locked her in a closet while he went through everything in her bedroom looking for more money and "gold." During this time, the complaining witness heard the robber speak at length on the phone in a language she did not recognize. The robber left with her money and jewelry. Again, appellant does not dispute that the State proved that someone committed the aggravated robbery. Instead, he argues that someone else did it. However, cell phone records place appellant near the scene of the robbery at the time it occurred. And, again, appellant has pointed to no evidence establishing that someone else committed the aggravated robbery. Viewing the evidence in the light most favorable to the verdict, *Jackson*, 443 U.S. at 319, we conclude that a rational trier of fact could have found that the State proved aggravated robbery beyond a reasonable doubt.

We overrule appellant's second issue.

**Admissibility of Extraneous Offense**

During appellant's opening statement at trial, he argued that Pelaez had committed the crimes and that the prosecution was a case of mistaken identity. In response, the State sought to call a witness to testify that appellant had broken into her home and stolen property. Outside the presence of the jury, appellant objected to the State's plan to present this extraneous offense evidence, arguing that its prejudicial effect would outweigh its probative value. The trial court overruled appellant's objection and allowed the witness to testify.

Evidence of an extraneous offense may be admissible if (1) the uncharged act is relevant to a material issue, and (2) its probative value is not significantly outweighed by its prejudicial effect. *Segundo v. State*, 270 S.W.3d 79, 87 (Tex. Crim. App. 2008). Identity is a material issue in this case. Evidence of an extraneous offense is sometimes admitted to prove identity on the theory of *modus operandi*, that the pattern and characteristics of the charged and uncharged conduct are so similar that they constitute a "signature" of the accused. *Id*. If the similarities are generic, i.e.*,* merely typical of a type of crime, they are not a signature. *Id*. But the accretion of even small and seemingly insignificant details can mark a crime as the *modus operandi* of the accused. *Id*.

Appellant contends that the extraneous and charged offenses share only the generic characteristic that they are robberies. The State replies that they share other characteristics: the victim of the extraneous offense was Asian; the perpetrator entered though the back of the victim's property, threatened her with a deadly weapon, and demanded "gold"; the extraneous offense was committed during the two-week period when the charged offenses were committed; and the extraneous offense occurred within a few miles of the charged offenses.

These characteristics are related to the way in which the charged and extraneous offenses were committed and to their proximity in time and place. Such shared features can indicate that

extraneous and charged offenses are sufficiently similar to establish *modus operandi* and identity. *Id*. Therefore, the trial court could have reasonably concluded that the extraneous offense was sufficiently similar to the charged offenses to be admissible on the issue of identity.

The similarity between the extraneous and charged offenses also indicates that the probative value of the extraneous offense evidence was not substantially outweighed by any unfairly prejudicial effect. *See id.* at 90 (holding that a single, striking, similarity between an extraneous and charged offense was sufficient to establish *modus operandi* and identity, and that this single similarity "ensures that the probative value of the evidence was not substantially outweighed by any unfair prejudice"). Therefore, the trial court could have reasonably concluded that admission of the extraneous offense did not violate rule 403.

We will uphold a trial court's decision to admit extraneous offense evidence when it is within a zone of reasonable disagreement. *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011). The decision is generally within this zone if there is evidence showing that an extraneous offense is relevant to a material issue. *Id*. If the decision is correct on any theory of applicable law, it will not be disturbed. *Id*. Having concluded that the trial court's decision was based on a reasonable conclusion relevant to the material issue of identity, we overrule appellant's first issue.

**Range of Punishment**

Appellant contends that the trial court erred by failing to consider the full range of punishment. He says that the trial court dismissed his sentencing arguments without elaboration and quickly imposed a sentence greater than what the State had requested. However, appellant does not explain how this could indicate that the trial court failed to consider the full range of punishment. In fact, he concedes that the sentence was within the statutorily permissible range of punishment.

–6–

Absent a clear showing of bias, we will presume the trial court's actions in sentencing were correct. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2005). Appellant points to no comments or behavior in the record that could indicate that the trial court was biased, and we have found none. Reviewing the trial court's actions in sentencing for abuse of discretion, *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984), we conclude that the trial court did not commit error. We overrule appellant's third issue.

## Conclusion

Having overruled all of appellant's issues, we affirm the trial court's judgment.

/Jason Boatright/
JASON BOATRIGHT
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

161104F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EDWIN RIASCOS ROMERO, Appellant

No. 05-16-01104-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-81406-2015.
Opinion delivered by Justice Boatright. Justices Lang-Miers and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 17th day of October, 2017.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EDWIN RIASCOS ROMERO, Appellant

No. 05-16-01105-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-82195-2016.
Opinion delivered by Justice Boatright.
Justices Lang-Miers and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 17th day of October, 2017.