**AFFIRMED as MODIFIED and Opinion Filed November 9, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**Nos. 05-20-00905-CR**
**05-20-00906-CR**
**05-20-00907-CR**
**05-20-00908-CR**
**05-20-00909-CR**
**05-20-00910-CR**
**05-20-00911-CR**

**JORGE PALACIOS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F19-58774-N, F19-58775-N, F19-58776-N, F19-56186-N, F19-40552-N, F19-70368-N, F19-40553-N**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Schenck

Appellant Jorge Palacios appeals his convictions of aggravated assault, evading arrest, possession with the intent to deliver a controlled substance, and tampering with evidence, challenging the sentences imposed following his entry of open pleas of guilty to each offense. As modified herein, we affirm the trial court's

judgments. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Appellant entered open pleas of guilty to the four counts of aggravated assault, to one count of evading arrest, to one count of possession with the intent to deliver less than 28 grams of alprazolam, and to one count of tampering with evidence. At the plea hearing, the evidence established the following. Appellant was 21 years old at the time of the hearing. He had numerous arrests and a pattern of escalation in his crimes in the four years leading up to the plea hearing.

On November 23, 2016, appellant was arrested for evading arrest. In October 2017, appellant was arrested for assaulting the mother of his child. About a year later, appellant was arrested in front of a school with two guns and 112 pills of alprazolam that he intended to sell. In March of 2019, police officers tried to initiate a traffic stop after appellant failed to signal a lane change. Appellant fled and threw a bag of pills out the window. He drove 80 miles per hour through a residential area and eventually crashed his vehicle by driving into a fence. Appellant was arrested on that occasion for tampering with evidence. On the afternoon of July 1, 2019, appellant drove through a construction site at a high rate of speed. The construction workers motioned for appellant to slow down. In response, appellant pulled his vehicle over, and he and his passenger threatened the construction workers with guns. Appellant was arrested for aggravated assault in connection with that

–2–

encounter. In September 2019, appellant and his friends got into a verbal altercation at a gas station with individuals they knew from the neighborhood. Appellant and his friends followed the other vehicle after it left the gas station, and appellant fired three shots into the vehicle. One of the bullets hit a passenger in his back and lungs. Appellant urged that, due to his age and history of drug use, he be sent to a rehabilitation facility rather than to the penitentiary.

At the conclusion of the hearing, the trial court found the evidence sufficient to prove appellant's guilt beyond a reasonable doubt as to each of the offenses and sentenced him to 20 years' confinement on each of the aggravated assault cases, to 2 years' confinement on the evading arrest and tampering cases, and to 180 days in the state jail on the possession with intent to deliver case. This appeal followed.

## DISCUSSION

In seven issues, appellant asserts, due to his youth and need for rehabilitation from illegal drug use, the trial court abused its discretion in sentencing him to confinement rather than placing him on community supervision with a condition of participating in a drug rehabilitation program.[1] As explained below, we disagree.

We give a great deal of discretion to a trial judge's determination of the appropriate punishment in any given case. *See Foster v. State*, 525 S.W.3d 898, 911

---

[1] The State asserts appellant waived his complaints on appeal because there is no indication in the record that appellant made the trial court aware of the filing of his motion for new trial in which he raised these complaints. For purposes of this appeal, we will assume, without deciding, appellant preserved his complaints, and we will discuss the merits of same.

(Tex. App.—Dallas 2017, pet. ref'd) (citing *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984)).  Generally, a sentence within the proper statutory range of punishment will not be disturbed on appeal.  *Id.*

In cause number F19-70368-N, appellant was convicted of the state jail felony offense of possession with intent to deliver alprazolam in an amount of less than 28 grams and sentenced to 180 days' confinement in state jail.  The punishment for this offense is confinement in state jail for a term of not more than 2 years or less than 180 days.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.114(b); TEX. PENAL CODE ANN. § 12.35(a).  In cause numbers F19-40552-N and F19-40553-N, appellant was convicted of the third-degree felony offenses of evading arrest with a vehicle and tampering with physical evidence and sentenced to 2 years' imprisonment in each case—the lowest punishment available for these offenses.  *See* PENAL §§ 37.09(c), 38.04(b)(2)(A), 12.34(a) (third-degree felony punishable by imprisonment for any term of not more than 10 years or less than 2 years).  In cause numbers F-19-58776-N, F19-58775-N, and F19-56186-N, appellant was convicted of the second-degree felony offense of aggravated assault with a deadly weapon and sentenced to 20 years' imprisonment in each case.  A second-degree felony is punishable by imprisonment of not more than 20 years or less than 2 years.  *See id.* §§ 22.02(a)(2), 12.33(a).  In cause number F19-58774-N, appellant was convicted of the first-degree felony offense of aggravated assault by discharging a firearm from a motor vehicle causing serious bodily injury and sentenced to 20 years' imprisonment.  A first-

degree felony is punishable by imprisonment for life or for any term of not more than 99 years or less than 5 years. *See id.* §§ 22.02(b)(3), 12.32(a). Thus, appellants' sentences are well within the proper range of punishment.

Moreover, included in the penal code's objectives, in addition to rehabilitation, are deterrence and punishment as necessary to prevent the likely recurrence of criminal behavior. *See id.* § 1.02(1)(A), (C). The record shows that over a four-year period, the degree and severity of appellant's crimes escalated. He was out on bond for the offenses of evading arrest, assault family violence, unauthorized carrying of a weapon, manufacturing and delivery of a controlled substance in a school zone, evading arrest in a motor vehicle, tampering with evidence, and three counts of aggravated assault at the time he fired three shots into a moving vehicle, seriously injuring a passenger. The eight previous times that appellant had been arrested and booked into jail had not deterred his criminal behavior. Instead, each time appellant was released on bond, his crimes escalated. The trial court could have reasonably concluded that penitentiary time was necessary to prevent the recurrence of appellant's criminal behavior. Given the nature of the offenses and the circumstances, we cannot conclude appellant's sentences violate the penal code's objectives. We overrule appellant's seven issues.

In a cross-issue, the State asks this Court to modify the trial court's judgments in cause numbers F19-70368-N and F19-58774-N to reflect the correct statutes under which appellant was convicted. The judgment in cause number F19-70368-N

–5–

identifies "481.113(c) Health and Safety Code" as the statute for the offense. Section 481.113(c) concerns the offense of possession with intent to deliver a controlled substance in Penalty Group 2 or 2-A in an amount of one gram or more but less than four grams. HEALTH & SAFETY § 481.113(c). Appellant pleaded guilty to and was convicted of possession with intent to deliver alprazolam, a controlled substance in Penalty Group 3, in an amount of less than 28 grams. The statute applicable to this offense is section 481.114(b) of the Health and Safety Code. *Id.* §§ 481.104(a)(2)), 481.114(b). The judgment in cause number F19-58774-N identifies "22.02(A)(2) Penal Code" as the statute for the offense. However, the record reflects that appellant pleaded guilty to and was convicted of aggravated assault by discharging a firearm from a motor vehicle causing serious bodily injury. The statute applicable to this offense is section 22.02(b)(3) of the Penal Code. *See* PENAL § 22.02(b)(3). We sustain the State's cross-issue.

Accordingly, we modify the trial court's judgments in these two cases as follows: in cause number F19-70368-N, we modify the "Statute for Offense" to read "481.114(b) of the Health and Safety Code," and in cause number F19-58774-N we modify the "Statute for Offense" to read "22.02(b)(3) of the Penal Code." R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (courts of appeals have authority to modify a judgment); *Estrada v. State*, 334 S.W.3d 57, 63–64 (Tex. App.—Dallas 2009, no pet.) (same).

### CONCLUSION

As modified, we affirm the trial court's judgments in cause numbers F19-70368-N and F19-58774-N. We affirm the trial court's judgments in cause numbers F19-40552-N, F19-40553-N, F19-56186-N, F19-58775-N, and F19-58776-N.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

Do Not Publish
Tex. R. App. P. 47

200905F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JORGE PALACIOS, Appellant

No. 05-20-00905-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas Trial Court Cause No. F19-40552-N. Opinion delivered by Justice Schenck. Justices Smith and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 9th day of November, 2021.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

JORGE PALACIOS, Appellant

No. 05-20-00906-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F19-40553-N.
Opinion delivered by Justice Schenck. Justices Smith and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 9th day of November, 2021.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JORGE PALACIOS, Appellant

No. 05-20-00907-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas Trial Court Cause No. F19-58776-N. Opinion delivered by Justice Schenck. Justices Smith and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 9th day of November, 2021.



# Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

JORGE PALACIOS, Appellant

No. 05-20-00908-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas Trial Court Cause No. F19-58775-N. Opinion delivered by Justice Schenck. Justices Smith and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 9th day of November, 2021.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JORGE PALACIOS, Appellant

No. 05-20-00909-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas Trial Court Cause No. F19-56186-N. Opinion delivered by Justice Schenck. Justices Smith and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 9th day of November, 2021.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JORGE PALACIOS, Appellant

No. 05-20-00910-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas Trial Court Cause No. F19-70368-N. Opinion delivered by Justice Schenck. Justices Smith and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Statute for Offense is to read "481.114(b) of the Health and Safety Code.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 9th day of November, 2021.



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

JORGE PALACIOS, Appellant

No. 05-20-00911-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas Trial Court Cause No. F19-58774-N. Opinion delivered by Justice Schenck. Justices Smith and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Statute for Offense is to read "22.02(b)(3) of the Penal Code.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 9th day of November, 2021.