

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00097-CR

———————————————

ERICK GARCIA, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from County Criminal Court No. 5
Denton County, Texas
Trial Court No. F21-1866-16

---

Before Sudderth, C.J.; Bassel and Walker, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

Appellant Erick Garcia appeals his sentence of seven years' imprisonment for his fifth driving-while-intoxicated offense (DWI). In a single issue, Garcia asserts that the trial court abused its discretion by sentencing him to confinement as opposed to probation in violation of Texas Penal Code Section 1.02(1)(B). We will affirm.

## I. BACKGROUND

Garcia was charged with felony DWI following a May 2020 incident. *See* Tex. Penal Code Ann. §§ 49.04(a), 49.09(b)(2). Although Garcia's offense was a third-degree felony, the indictment contained an enhancement paragraph that increased the punishment range to that of a second-degree felony. *See id.* §§ 12.42(a); 49.09(b)(2). Garcia pleaded guilty to the alleged offense and true to the enhancement paragraph. Garcia also waived his right to a jury trial regarding sentencing and elected to have the trial court decide his punishment.

At the punishment hearing, the State called two on-scene police officers as witnesses. Officer Jeffrey McAdams testified that Garcia had been found with his car in a ditch. According to Officer McAdams, Garcia had been unconscious behind the wheel of the vehicle when he arrived on the scene, reeked of alcohol, had slurred speech, was unable to perform multiple standardized field sobriety tests, was unable to stay awake during the entirety of the investigation, and was one of the most intoxicated people that he had ever investigated for DWI. Officer Ryan Karnes testified that his observations of Garcia matched Officer McAdams's.

The State also introduced a number of exhibits into evidence. One of these exhibits was a lab report showing that Garcia had a blood–alcohol concentration level of 0.376 at the time that he was tested, which was several hours after he drove into the ditch. In addition, the State offered a number of exhibits detailing Garcia's prior criminal history, which included four prior DWI convictions.

After the State rested, Garcia called his ex-girlfriend, his ex-wife, and his counselor as witnesses. Garcia's ex-girlfriend and ex-wife both praised his current sobriety but also acknowledged his long-term issues with alcohol abuse and the fact that he had continued to drink after his May 2020 DWI arrest despite having been ordered not to consume alcohol upon his release from jail. The counselor testified that Garcia was a good candidate for community supervision, posed little risk to reoffend, and would benefit from the DWI Court program.

At the conclusion of the hearing, the trial court sentenced Garcia to seven years in prison. Garcia objected to the sentence as being contradictory to the Texas Penal Code's rehabilitative goals. *See id.* § 1.02(1)(B). The trial court overruled Garcia's objection, and this appeal followed.

## II. DISCUSSION

On appeal, Garcia contends that the trial court abused its discretion by failing to consider the Texas Penal Code's rehabilitative objectives when sentencing him. *See id.* Garcia's argument lacks merit.

We review a trial court's punishment decision for an abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). The general rule is that a trial court does not abuse its discretion if the sentence is within the statutory punishment range. *Id.* Indeed, a trial court has "essentially 'unfettered'" discretion to impose any sentence within the prescribed statutory range, *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (quoting *Miller-El v. State*, 782 S.W.2d 892, 895 (Tex. Crim. App. 1990)), and any sentence within the statutory limits is virtually "unassailable" on appeal provided that it is based upon the sentencer's informed normative judgment. *Id.* at 324.

The range of punishment for a second-degree felony[1] is imprisonment for any term of not more than twenty years or less than two years in the Texas Department of Criminal Justice. Tex. Penal Code Ann. § 12.33(a). Thus, Garcia's seven-year sentence is well within the applicable statutory range. *See id.*

Garcia argues that because he presented evidence showing that he had a genuine desire for change and sobriety, posed little risk to reoffend, and would benefit greatly from a rehabilitative program and because the State presented no evidence showing that Garcia was a danger to public safety or that sentencing him to prison would deter him or others from committing additional crimes, the trial court abused

---

[1] As noted above, Garcia pleaded true to the indictment's enhancement paragraph. Thus, even though his DWI offense was a third-degree felony, the applicable punishment range was that for a second-degree felony. *See* Tex. Penal Code Ann. §§ 12.33, 12.42(a), 49.04(a), 49.09(b)(2).

4

its discretion by sentencing him to confinement as opposed to probation. But as the Texas Court of Criminal Appeals has recognized, a trial court's decision regarding what sentence to impose is a "normative process, not intrinsically factbound." *Ex parte Chavez*, 213 S.W.3d at 323. Even assuming that specific evidence were needed to support the imposed sentence, we cannot conclude that the trial court abused its discretion. The State presented evidence showing that Garcia has been convicted of five DWIs, two of which he committed while on probation for previous DWI offenses. Given the egregious nature of Garcia's DWI offense—which involved driving his car into a ditch while having a blood–alcohol level of over four times the legal limit, *see* Tex. Penal Code Ann. 49.01(1)(B), (2)(B)—and his history of recidivism, we cannot say that his sentence violates the Texas Penal Code's objectives to ensure public safety by deterring and preventing the reoccurrence of criminal behavior. *See id.* § 1.02(1)(A), (C); *Marquez-Ortiz v. State*, No. 11-21-00196-CR, 2023 WL 3513188, at *3 (Tex. App.—Eastland May 18, 2023, no pet.) (mem. op., not designated for publication).

Moreover, as Garcia's counselor acknowledged, Garcia will have access to continued treatment after he serves his prison sentence. Thus, by sentencing Garcia to incarceration, the trial court did not necessarily deny him the opportunity for rehabilitation. *See Marquez-Ortiz*, 2023 WL 3513188, at *3.

In sum, the trial court did not abuse its discretion. Garcia's sentence falls within the prescribed statutory range and does not violate the Texas Penal Code's

objectives. *See* Tex. Penal Code § 1.02(1). Accordingly, we overrule Garcia's sole issue.

### III. CONCLUSION

Having overruled Garcia's sole issue, we affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 7, 2023